JACOB CASEBEER, PLAINTIFF IN ERROR, V. MARY DRA-
HOBLE AND JOHN CASEBEER, DEFENDANTS IN ERROR.

1.  **Malicious Prosecution**: EVIDENCE. Action for malicious
    prosecution against two defendants. The record of the alleged
    malicious prosecution was offered in evidence. It was rejected
    because the complaint was not signed by both defendants, *Held*,
    Error.

2.  ———: WHEN RIGHT OF ACTION ACCRUES. In a case of ma-
    licious prosecution, *Held*, That the right of action accrues " when-
    ever the particular prosecution be disposed of in such a manner
    that this cannot be revived, and the prosecutor, if he proceeds
    further, will be put to a new one."

ACTION for malicious prosecution, brought in the district
court for Gage county. Trial below before WEAVER, J.,
and judgment for defendants.

*Pemberton & Forbes* for plaintiff in error, cited 3 Gilm.,
306. Cooley on Torts, 187. *Clements v. Ohrly*, 61 Eng.
Com. Law, 686. Cooley, 133. *Wells v. Parsons*, 3
Har., 505. Bliss Code Pl., sec. 82. *Miller v. Milligan*,
48 Barb., 30.

*George M. O'Brien*, for defendants in error, cited: 1
Greenleaf on Evidence, sec. 51. *Malcomson v. Clayton*, 13
Moore, 198.

COBB, J.

The first thing necessary to prove on the part of the
plaintiff was that he had been prosecuted for the crime
alleged. A proper if not the only way to do this was by
producing the record or records of such proceedings.
These records, upon being offered by the plaintiff, were ex-
cluded on the ground that the complaint in either case was
not signed by both defendants. We do not think it neces-
sary that either of the defendants should have actually

32

made the complaint, but that proof that they caused the plaintiff to be prosecuted would be sufficient on that point. Much less was held to be sufficient by Lord Denman in the case of *Clements v. Ohrley*, 61 English Common Law, 686, cited by counsel for plaintiff in error, but that is rather an extreme case.

We think the allegations of the petition sufficient as to the termination of the alleged malicious prosecutions. While there is a conflict of authorities, the weight of authority as well as of reason is in favor of the position that the right of action is complete whenever "the particular prosecution be disposed of in such a manner that this cannot be revived, and the prosecutor, if he proceeds further, will be put to a new one." Such is the rule laid down by Cooley, and we think it correct.

We do not examine the other points raised, because whatever might have been their merits, it is quite obvious that had the district court been right in excluding the records of the county court and justice of the peace, that would have been fatal to the plaintiff's case whatever other evidence was admitted or rejected.

The judgment of the district court is reversed and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.