[S. F. No. 2045. In Bank.—January 13, 1904.]

## E. W. HURGREN, Appellant, v. UNION MUTUAL LIFE INSURANCE COMPANY, Respondent.

Malicious Prosecution—Legal Termination of Suits—Determination of Merits not Required.—In order to maintain an action for malicious prosecution the plaintiff must show that the prosecution or suits complained of as malicious had been legally terminated; but it is not necessary to show that there was a determination upon the merits. The prosecution may be regarded as terminated when it has been disposed of in such a manner that it cannot be revived, so that the prosecutor if he intends to proceed further must institute proceedings *de novo*.

Id.—Burden of Proof.—The burden of proof is upon the plaintiff not only to show that the action complained of as malicious had terminated, but also to show that it was commenced maliciously and without probable cause.

Id.—Improper Nonsuit—Evidence—Repeated Dismissal of Unfounded Actions—Appearance for Defense—Malice—Want of Probable Cause.—A judgment of nonsuit will be sustained, if sustainable, upon any ground assigned; but where the pleadings and proof showed that plaintiff applied to defendant for a policy of life insurance for one thousand dollars, and defendant tendered a policy for two thousand dollars, and demanded the premium therefor, which plaintiff refused to pay, and that defendant had brought three several suits for such premium, which plaintiff

appeared to defend, and each of which was dismissed by defendant, and there was evidence tending to show that the one who secured the application was defendant's agent, and that the suits were malicious and without probable cause, the granting of a nonsuit for want of proof that such suits were determined upon the merits, and for want of proof as to such agency, malice, and want of probable cause, was improperly granted.

Id.—Error in Striking Out Parts of Complaint.—Where the court struck out from the complaint some redundant matter, but also struck out matter which was not redundant, and which related to the origin and causes of the suits complained of as malicious, and which left the complaint incomplete and without grammatical connection, the order striking out such proper matter was erroneous.

Id.—Evidence of Agency—Notice of Withdrawal of Agency.—A notice published by the defendant while the lawsuit was pending, which stated that the one who solicited plaintiff's policy had been acting as agent for the defendant, but was no longer connected with the company defendant, and which tended to show the previous existence of the agency when the transaction alleged took place, was improperly excluded.

Id.—Letter of Plaintiff to Defendant.—A letter written from plaintiff to defendant before the third suit was commenced, the receipt of which was acknowledged by the defendant, and which informed defendant of what had occurred, and that the company's agent had raised the policy, etc., was admissible to show knowledge of the alleged fraud of the agent, and that the company was put on inquiry as to the facts before the last suit was commenced.

Id.—Suit by Collector—Authority for Dismissal—Evidence Improperly Excluded.—Where one of the suits dismissed was brought in the name of a collector, to whom the claim for premium had been assigned for collection, and he was notified that the suit was dismissed, it was error for the court to refuse to allow the plaintiff to ask him at whose request it was dismissed, and whether he had orders therefor, and from whom.

Id.—Unexplained Dismissal—Malice and Want of Probable Cause.—If the defendant procured the dismissal of the suit by the collector, without just reason shown therefor, that fact would be some evidence tending to prove malice and want of probable cause.

APPEAL from a judgment of the Superior Court of Sonoma County. S. K. Dougherty, Judge.

The facts are stated in the opinion of the court.

R. W. Miller, for Appellant.

The gist of the action is the malicious action of the defendant in putting the machinery of the court in operation upon

an unmeritorious and unfounded demand, and the nonsuit was improper. (*Clark* v. *Nordholdt,* 121 Cal. 26; *Eastin* v. *Bank of Stockton,* 66 Cal. 123, 126;[1] *Berson* v. *Ewing,* 84 Cal. 92.) The court erred in rejecting the letters offered by appellant. (*Pope* v. *Armsby Co.,* 111 Cal. 162.)

Myrick & Deering, and Van Ness & Redman, *Amici Curiæ.*

D. E. McKinlay, and W. H. Sigourney, for Respondent.

The action for malicious prosecution is not favored in law, and the proof must be strict. (*Ball* v. *Rawles,* 93 Cal. 272;[2] *Lacey* v. *Porter,* 103 Cal. 597; *Wetmore* v. *Mellinger,* 64 Iowa, 741;[3] *Brown* v. *Smith,* 83 Ill. 291.) The nonsuit was proper. (*Grant* v. *Moore,* 29 Cal. 632; *Emerson* v. *Skaggs,* 52 Cal. 220.)

McFARLAND, J.—This is an action to recover damages against defendant for the alleged prosecution of certain civil suits against plaintiff maliciously and without probable cause. The court below granted a nonsuit, and gave judgment for defendant, and from the judgment plaintiff appeals.

The learned judge of the trial court granted the nonsuit upon the ground that it had not been shown that the former suits complained of as malicious had been determined *upon the merits* in favor of the defendant therein; and this view was sustained when the appeal was decided here in department. But upon further consideration of the question we are satisfied that, whatever may have been some of the former decisions in England and this country, it is now the well-established rule that a verdict or final determination upon the merits of the malicious civil suit or criminal prosecution complained of is not necessary to the maintenance of an action for malicious prosecution, but that it is sufficient to show that the former proceeding had been *legally terminated.* The fact that such legal termination would not be a bar to another civil suit or criminal prosecution founded on the same alleged cause is no defense to the action for malicious prosecution; otherwise, a party might be continuously harassed by one suit after another, each dismissed before any opportunity for a trial on

---

[1] 56 Am. Rep. 77.              [3] 52 Am. Rep. 465.

[2] 27 Am. St. Rep. 174.

the merits. It is suggested that the plaintiff might commence the suit upon a perfectly good cause of action, and for some legal reason dismiss it, and afterwards bring and successfully prosecute to judgment a second suit; while in the mean time the defendant might have brought and maintained an action for the malicious prosecution founded upon the first action. If such an improbable thing could be imagined, the law would not thereby be changed; but it must be remembered that plaintiff in the action for malicious prosecution must show affirmatively, not only that the action complained of had been terminated, but that it was commenced maliciously and without probable cause,—which could not well be done in the case suggested. The many cases cited in the American and English Encyclopedia of Law (vol. 19, p. 681) fully sustain the text, which correctly states the law on the subject, and is as follows: "It is not easy to lay down in a few words any general rule that would satisfactorily state when proceedings may be regarded as terminated for the purposes of an action of malicious prosecution. It may be briefly said, however, that a prosecution may be regarded as terminated when it has been disposed of in such a manner that it cannot be revived, so that the prosecutor, if he intends to proceed further, must institute proceedings *de novo*." We will refer briefly to a few of the many cases to the point (the italics are ours). In *Clark* v. *Cleveland*, 6 Hill, 344, the court, speaking through Cowen, J., say: "Nor can it be essentially necessary that there should be an adjudication of the magistrate, or, indeed, any judicial decision *upon the merits by any court;* . . . the technical prerequisite is only that the *particular prosecution* be disposed of in such a manner that it cannot be revived, and the prosecutor must be put *to a new one;* . . . the mere discontinuance of a civil suit, in any way, satisfies the rule." In *Apgar* v. *Woodston*, 43 N. J. L. 57, the court declare—we quote from the *syllabus,* which correctly states the decision— as follows: "The law requires only that the particular prosecution complained of shall have been terminated—and not that the liability of the plaintiff for prosecution for the same offense shall have been extinguished—before the action for malicious prosecution is brought. Consequently, the refusal of the grand jury to file an indictment, a *nolle prosequi,* or

any proceeding by which the particular prosecution is disposed of in such a manner that it cannot be revived, and that the prosecutor, if he intends to proceed further, must institute proceedings *de novo*, is a sufficient termination of the prosecution to enable the plaintiff to bring his action.'' In *Casebeer* v. *Diahoble*, 13 Neb. 465, the court say: ''The weight of authority, as well as of reason, is in favor of the position that the right of action is complete whenever the particular prosecution be disposed of in such manner that this cannot be revived, and the prosecutor, if he proceeds further, will be put to a new one.'' In *Casebeer* v. *Rice*, 18 Neb. 203, a criminal charge had been made by defendants against plaintiff before a county judge, and ''such proceedings were had as resulted in a dismissal of the cause and the discharge of the accused, by reason of the failure of the prosecution to give security for costs''; and this was held to be such a determination of the proceeding as to warrant the action for malicious prosecution, the court restating the language used in *Casebeer* v. *Diahoble*. In *Lytton* v. *Baird*, 95 Ind. 349, the court held that an order quashing an indictment and discharging the defendant was a sufficient termination of the prosecution to warrant an action for malicious prosecution. In *Brown* v. *Randall*, 36 Conn. 56,[1] the court held as follows: ''It is not necessary to sustain an action for malicious prosecution, that the defendant should be acquitted in the criminal proceeding. It is sufficient that the defendant was discharged without a trial, by a withdrawal or abandonment of the prosecution, not made at his request or by arrangement with him, if the jury should find on the whole evidence that there was want of probable cause.'' There are many other decisions to the same effect, but the foregoing are sufficient to cite here in support of a principle which we deem to be well founded in reason.

There are no decisions of this court to the contrary. What constitutes such a legal termination of a former suit or proceeding as will enable the defendant therein to maintain an action for malicious prosecution was not decided, or indeed touched, in *Berson* v. *Ewing*, 84 Cal. 89; *Acevado* v. *Orr*, 100 Cal. 293; or *Jones* v. *Jones*, 71 Cal. 89; cited on behalf of respondent. On the other hand, in *Holliday* v. *Holliday*, 123

[1] 4 Am. Rep. 35.

Cal. 26, it was held, as to one count, that where the suit for malicious prosecution was founded on the arrest of plaintiff for alleged threat to commit an offense against property, the discharge of the accused on *habeas corpus* was a sufficient legal termination of the proceeding, and that, as to another count, a dismissal of the proceeding was sufficient; and the principle above stated seems to have been declared in *Dowling* v. *Polack*, 18 Cal. 626, which was a suit on an injunction bond, where the court, referring to the former action, say: ''The suit was dismissed for want of prosecution, and with respect to the particular case, the judgment of dismissal had the same effect upon the rights of the parties as would have resulted from a judgment upon the merits.''

It is averred in the complaint, in substance, that defendant solicited plaintiff to make application, and plaintiff did make application, for a policy on his life for one thousand dollars, for which he was to pay an annual premium of fifty-three dollars; that defendant afterwards presented to him a policy in which the amount had been raised to two thousand dollars, and demanded a premium of $103.40; that plaintiff refused to receive the policy or to pay the $103.40; that afterwards defendant brought suit against plaintiff in a justice's court in Santa Rosa Township, county of Sonoma, to recover said last-named sum of money, and that after plaintiff had appeared in said action the defendant (plaintiff there) dismissed it; that afterwards defendant brought another similar action in said justice's court; that plaintiff appeared to defend, and that on the day fixed for hearing the cause defendant failed to appear and the action was dismissed; that afterwards defendant brought a third similar action in the justice's court of the city and county of San Francisco, that the plaintiff again. appeared, and attended court on the day fixed for trial, and that before that time defendant had dismissed the action. These averments—under the views above expressed—state a sufficient legal ending of the suits; and as to the dismissals, the averments are beyond question sustained by the evidence.

Defendant moved for a nonsuit, upon the grounds that the plaintiff had not succeeded in showing that a certain alleged agent, one Sturtevant, was the agent of defendant, and had failed to prove that the former suits were brought maliciously

and without probable cause. Of course, if we could say that the nonsuit should have been granted on any one of these grounds, the nonsuit would be sustained, no matter on what ground it was granted; but we cannot say that there was no evidence sustaining plaintiff's contentions as to the matters mentioned in said grounds for nonsuit. The court below did not pass on these matters, and expressly said that as to the main issue there was a "conflict of evidence."

There are a number of rulings of the court below which were excepted to by appellant; and as there may be another trial, it is perhaps necessary to notice a few of them. The court on motion of respondent struck out, as irrelevant, immaterial, and redundant matter, nearly one half of the complaint; and we think that in so doing the court erred. We do not deem it necessary to quote here the parts stricken out, which occupied nearly two and a half pages of the printed transcript. Some parts of the matter stricken out may possibly be redundant and irrelevant, but not the whole of it. It states some facts touching the origin and causes of the suits complained of which were proper and necessary to be stated; and the parts stricken out left the complaint disrupted and incomplete and without grammatical connection.

The third suit complained of was brought in the name of W. Rigby, Jr., to whom the alleged cause of action had been assigned by respondent merely "for the purpose of collection." Rigby having testified that the suit was dismissed, was asked by plaintiff "at whose request the suit was dismissed," and whether he had "orders to dismiss the suit, and, if so, from whom," and some other similar questions; and objections to the questions were sustained. The objections should have been overruled. Plaintiff had the right to inquire why the suit was dismissed, and whether it was done by order of the respondent, who, apparently, had control of it. If respondent procured the dismissal of the suit, no just reason being shown therefor, that fact was some evidence tending to prove want of probable cause and malice.

The original transactions out of which the litigation arose were between appellant and J. B. Sturtevant, and a question in the case was whether Sturtevant was the agent of respondent; and as evidence to this issue appellant offered a notice

published by respondent while the last suit was pending, in a public newspaper, which stated that "J. B. Sturtevant, who for the past seven months has been acting as agent for the Union Mutual Life Insurance Company in Sonoma County, is no longer in any way connected with the company"; and an objection to the evidence was sustained. This ruling was erroneous; the notice was certainly some evidence tending to show that Sturtevant was respondent's agent when the transactions involved here took place.

We think, also, that it was error to rule out a letter written December 5, 1898, by appellant's attorney to the respondent, the receipt of which was acknowledged by the latter. This letter was written and received before the commencement of the third suit, and informed plaintiff therein of what had occurred, and of appellant's claim that Sturtevant had raised the policy, etc. This letter was admissible as evidence, expressly showing that respondent had knowledge of the alleged act of Sturtevant as its agent, and the alleged fraud as to raising the policy, and was put on inquiry as to the real facts.

There are no other alleged errors necessary to be noticed.

The judgment appealed from is reversed.

Angellotti, J., Shaw, J., Van Dyke, J., Lorigan, J., Henshaw, J., and Beatty, C. J., concurred.