[Crim. No. 5909.   Second Dist., Div. Three.   Aug. 26, 1957.]

THE PEOPLE, Appellant, v. WILLIAM IRVIN JABLON, Respondent.

458

Edmund G. Brown, Attorney General, William E. James, Deputy Attorney General, William B. McKesson, District Attorney (Los Angeles), Jere J. Sullivan, Lewis Watnick and Robert Lederman, Deputy District Attorneys, for Appellant.

James M. Nicoson for Respondent.

VALLÉE, J.—The People appeal from an order setting aside the information. (Pen. Code, § 995.) The information alleged in Count I that on October 29, 1956, defendant unlawfully had possession of a preparation of morphine; in Count II that on the same date he unlawfully had possession of a preparation of codeine; in Count III that on the same date he unlawfully had possession of demerol; all in violation of section 11500 of the Health and Safety Code. Defendant was also charged with a prior conviction of abortion and with having served a term of imprisonment therefor.

An information must be set aside if the defendant had been committed without reasonable or probable cause. (Pen. Code. § 995.) "The evidence necessary to justify an order holding a defendant to answer to the superior court is not subject to the same test as that before a trial jury in a criminal action, and reasonable or probable cause may be found for holding to answer although the evidence does not establish the defendant's guilt beyond a reasonable doubt. All that is required is a reasonable probability of the defendant's guilt. (*Davis* v. *Superior Court,* 78 Cal.App.2d 25, 27 [177 P.2d 314].) 'Reasonable or probable cause,' required to uphold the commitment of a defendant (Pen. Code, § 995), exists if there is sufficient proof to make it reasonable to believe that the defendant is guilty of the offense charged.

(*People* v. *George*, 95 Cal.App.2d 425, 429 [213 P.2d 33];
*People* v. *Thomas*, 90 Cal.App.2d 491, 494 [203 P.2d 567].)
█ On a motion to set aside an information, the question of
the guilt or innocence of the defendant is not before the court,
nor does the issue concern the quantum of evidence necessary
to sustain a judgment of conviction. The court is only to
determine whether the magistrate, acting as a man of ordinary
caution or prudence, could conscientiously entertain a reason-
able suspicion that a public offense had been committed in
which the defendant had participated. (*Weber* v. *Superior
Court*, 35 Cal.2d 68, 69 [216 P.2d 871].) █ A court may
not substitute its judgment as to the weight of the evidence
for that of the magistrate. If there is some evidence to support
the information, the courts will not inquire into its sufficiency.
█ Under section 995 of the Penal Code, the information
will be set aside only where there is no evidence that a crime
has been committed or there is no evidence to connect the
defendant with a crime shown to have been committed. (*Lor-
enson* v. *Superior Court*, 35 Cal.2d 49, 55-57 [216 P.2d 859].)''
(*People* v. *Platt*, 124 Cal.App.2d 123, 130-131 [268 P.2d 529].)

The evidence before the magistrate was this: About 2:30
p. m. on October 29, 1956, Robert Truitt, a special investigator
for the Board of Medical Examiners, arrested defendant in
apartment 1 at 200 South Westlake Avenue in Los Angeles.
Truitt had a warrant for the arrest of defendant issued by
the municipal court for a violation of section 2141 of the
Business and Professions Code, practicing medicine without
a license, and for a violation of section 2142 of that code,
holding himself out as a medical doctor. The warrant had
been issued on October 26, 1956, and was received by Truitt at
4 p. m. that day.

At the time of the arrest Truitt was accompanied by two
Los Angeles police officers. Truitt and the officers identified
themselves. Truitt showed defendant the warrant and told
him he was under arrest. Defendant was then asked whether
he had any narcotics or medical preparations on the premises.
He replied, ''Yes, all over.'' The officers asked defendant
whether a search of the premises could be made. Defendant
replied, ''Go ahead.'' Truitt and the officers then made a
room-by-room search of defendant's apartment. They found
a large number of tablets of morphine and codeine and several
bottles of a narcotic known as isonipecaine, also known as
demerol.

At the time of the arrest defendant's automobile was parked

in front of the apartment house. Defendant told Truitt and the officers the car was his. He gave the officers the keys so they could open the trunk of the car. In the trunk the officers found a bag containing miscellaneous bottles, vials, and jars, in some of which there was codeine and demerol, and a box containing tablets of morphine.

Defendant told Truitt and the officers he had intended to give all the articles found to his son "who is also a doctor." Neither Truitt nor either of the police officers had a search warrant.

Truitt testified he never returned service of the warrant; he never served it; he did arrest defendant under the warrant; he arrested him for a misdemeanor; he did not book him on the misdemeanor.

The various articles found in the search of the apartment and the automobile were introduced in evidence at the hearing before the magistrate over defendant's objection that they had been obtained by virtue of an illegal search and seizure and that "the issuance of a misdemeanor warrant in this case, served as it was, did not authorize the search for matters of the nature which are now before this Court."

The People assert the arrest was lawful; the search was reasonable since it was incident to a lawful arrest; it was made on defendant's admissions which established reasonable cause, and defendant consented to it; the evidence is sufficient. In support of the order defendant asserts the arrest and the search and seizure were unlawful; and the magistrate erred in admitting the articles found in the apartment and in the automobile in evidence.

■ A peace-officer may make an arrest in obedience to a warrant delivered to him. (Pen. Code, § 836.) Penal Code, section 841, in part provides:

"The person making the arrest must inform the person to be arrested of the intention to arrest him, of the cause of the arrest, and the authority to make it. . . ."

Section 842 reads:

"If the person making the arrest is acting under the authority of a warrant, he must show the warrant, if required."

■ We think it obvious the arrest was lawful. Defendant was told he was under arrest and the warrant was shown to him. The magistrate could reasonably conclude the statute was substantially complied with. (*Cf. People* v. *Rios*, 46 Cal. 2d 297, 299 [294 P.2d 39].) ■ In the absence of evidence

to the contrary, it is presumed Truitt was a peace-officer. (Code Civ. Proc., § 1963, subds. 15, 33. See Bus. & Prof. Code, § 2116.) ▇ He was authorized by the warrant to make the arrest. That the warrant was not served, in that a copy was not handed to defendant, is of no consequence; nor is the fact that Truitt did not make a return on the warrant, or the fact that defendant was not booked on the misdemeanor charges.

Defendant argues that a warrant and the statute require that the defendant be taken before the magistrate who issued the warrant without unnecessary delay, (Pen. Code, §§ 814, 825) ; Truitt did not carry out the mandate of the warrant or of the statute; hence the arrest was unlawful and the search and seizure illegal. There was no evidence defendant was not taken before the magistrate without unnecessary delay. For all that appears in the record, he may have been. ▇ Further, we must presume he was taken before a magistrate without unnecessary delay on the charges for which he was held to answer. ▇ Where the arrest is lawful, subsequent unreasonable delay in taking the person before a magistrate does not affect the legality of the arrest. (*Dragna* v. *White,* 45 Cal.2d 469, 473 [289 P.2d 428].) Defendant cannot escape prosecution for the offenses charged in the information because he says, without evidence to support him, that he was not taken before a magistrate without unnecessary delay. (*People* v. *Allen,* 142 Cal.App.2d 267, 286 [298 P.2d 714].) We have examined *People* v. *Fick,* 89 Cal. 144 [26 P. 759], relied on by defendant, and find nothing there contrary to these views.

▇ Since, as we hold, the evidence justified the magistrate's conclusion that defendant's arrest was lawful, the search and seizure were incident to the arrest and were therefore lawful. No constitutional right of defendant was violated. ▇ ''Since the evidence justified the magistrate's conclusion that defendant's arrest was lawful, he properly relied on evidence secured by the search of defendant's person incident to that arrest to establish probable cause to believe defendant guilty of the offense charged.'' (*People* v. *Rios,* 46 Cal.2d 297, 299 [294 P.2d 39].)

▇ The magistrate may have reasonably concluded that the search and the evidence uncovered were related to offenses for which the arrest was made. When asked whether he had any narcotics or medical preparations on the premises defendant replied, ''Yes, all over.'' ▇ The possession of nar-

cotics normally found in a physician's premises is manifestly related to the offenses of unlawfully practicing medicine and holding oneself out as a doctor, without a license. Such possession is circumstantial evidence that defendant was unlawfully practicing medicine and tends to establish the corpus delicti of the offenses named in the warrant for defendant's arrest.

We have examined the several cases cited by defendant.[1] We find none of them factually analogous to the case at bar.

We hold the arrest was lawful; the search and seizure were lawful; the magistrate did not err in admitting the seized morphine, codeine, and demerol in evidence; and the evidence was sufficient to justify the order holding defendant to answer to the superior court.

The order setting aside the information is reversed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied September 23, 1957.

---

[1]*People* v. *Stroble*, 36 Cal.2d 615 [226 P.2d 330]; *People* v. *Roberts*, 47 Cal.2d 374 [303 P.2d 721]; *People* v. *Mills*, 148 Cal.App.2d 392 [306 P.2d 1005]; *People* v. *Yet Ning Yee*, 145 Cal.App.2d 513 [302 P.2d 616]; *People* v. *Jennings*, 142 Cal.App.2d 160 [298 P.2d 56]; *Dowdell* v. *Owl Drug Co.*, 121 Cal.App. 316 [8 P.2d 890]; *People* v. *Martin*, 382 Ill. 192 [46 N.E.2d 997].