[Civ. No. 7086.   Fourth Dist.   June 17, 1963.]

LEE JACKSON, Plaintiff and Respondent, v. EUEL BECKHAM et al., Defendants and Appellants.

Frederic S. Wing and William W. Shaw for Defendants and Appellants.

Joseph J. Jonesi for Plaintiff and Respondent.

GRIFFIN, P. J.—In this action by plaintiff-respondent Lee Jackson for damages for malicious prosecution against defendants-appellants Euel Beckham, Buel Beckham and Beckham Bros., a copartnership, it is alleged that plaintiff was an employee of defendants and desired to take time off to move some of his furniture from Beaumont to Cottonwood, about 640 miles from Beaumont, where his wife was opening a small business; that defendants wanted plaintiff to return earlier than suggested; and that plaintiff took off for two weeks. In the meantime, he was arrested for petty theft.

It appears that plaintiff. during his employment, was given the use of several uniforms that were furnished by a laundry,

under lease, to defendant company, and which uniforms had defendant company's name on the back thereof. Plaintiff and defendants were charged for the laundering of these uniforms. It also appears that plaintiff had previously purchased some items which were charged to defendant company but which were unpaid for at the time of his departure. Defendants conferred with a police officer about the issuance of a warrant and later with a deputy district attorney (Biddle) of Riverside County, and, from the information given by defendants, the petty theft warrant was issued against plaintiff. Thereafter, defendants caused plaintiff's arrest in Cottonwood and he was placed in jail overnight. He posted bail for $1,000, at a cost of $100, and returned to Banning to answer the charge. Plaintiff employed an attorney at a cost of $150 and was duly arraigned. Thereafter, the deputy district attorney dismissed the complaint. On October 9, 1959, plaintiff filed this action for damages for malicious prosecution. The cause was tried before a jury, which rendered a judgment for plaintiff for $6,500. Defendants appeal from the judgment.

Both sides concede that, in an action for malicious prosecution, the burden of proving the basic elements of the tort must be met by the one complaining that the criminal charge was unjustifiable; that in order that plaintiff recover damages, it is essential that he prove three facts: (1) termination of the criminal proceeding in his favor, (2) want of probable cause for instituting the criminal proceedings, and (3) malice on the part of the defendants. (Citing *Jaffe* v. *Stone,* 18 Cal.2d 146, 149 [114 P.2d 335, 135 A.L.R. 775]; *Clary* v. *Hale,* 175 Cal.App.2d 880, 886 [1 Cal.Rptr. 91].)

Defendants' first contention is that the determination of the prior action was not on its merits. But they concede that if it is of such a nature as to indicate the innocence of the accused, it is a favorable termination sufficient to satisfy the requirement; that if the dismissal is on technical grounds, for procedural reasons, or for any other reason not inconsistent with his guilt, it does not constitute a favorable termination. (Citing *Halberstadt* v. *New York Life Ins. Co.,* 194 N.Y. 1 [86 N.E. 801, 16 Ann.Cas. 1102].)

The testimony of defendants in this respect is that after plaintiff left, they noticed that a second-hand gasoline tank, valued at about $5.00, a tarpaulin, valued at $2.00, a hydraulic jack, 11 inches by 5 inches, valued at $25, miscellaneous mechanic's tools, valued at $25, seven uniforms, valued at

$10 apiece, and a three-way valve, valued at $4.00, and some paint were missing. It appears that plaintiff left the uniforms at his home in Beaumont when he first left, but on his return he later sent them back to the Altas Uniform Company and a credit of $23 was shown on defendants' books for this return. Plaintiff denied taking the other articles which defendants claimed were missing, excepting the three-way valve, which, according to custom, was charged to defendant company and then charged to plaintiff's account.

The officer to whom defendants made their complaint said that he showed the report which he made about the theft to the deputy district attorney in company with one of the defendants and that the deputy district attorney said there were grounds for a complaint. Defendant signed the complaint. The officer said that he did not remember very well what complaint defendants made about the plaintiff, but he did remember about the tarpaulin and the uniforms being missing and he did not recall about any tools being missing.

The deputy district attorney (Biddle) testified that on June 12, 1956, he talked with defendant Buel Beckham in the presence of the officer; that the officer told him Beckham had complained that plaintiff had left and some parts that had been bought at a store under the Beckham account had not been used in the business and he did not know of their whereabouts; that other things were missing, but he did not know whether Jackson had taken them. He also remembered a statement about some uniforms, but defendants did not tell him that the uniforms were leased from the laundry; and that he advised the issuance of a warrant. He then testified, after the case was at issue, that he assigned another deputy district attorney (Buckner) to try the case, and the case was dismissed by him in furtherance of justice.

Buckner testified, prior to trial, that he examined the files and the reason for the motion for dismissal was that he believed that the case was insignificant compared to other pending cases and that the cost of trial would be more than the ten or fifteen dollars involved; that while he was in the district attorney's office, "I was lazy," and was "always looking to dismiss a misdemeanor case so I wouldn't have to go to trial." He said that he had the consent of his superior to such dismissal.

One witness testified that one of the defendants told him that plaintiff had taken parts, uniforms, tires and tubes and

had taken off, and that they were "going to get him," see that the "book was thrown at him," and were going to hang plaintiff "from the yardarm."

In defense, one of the Beckham brothers testified that they had a contract with Atlas Coverall Company to furnish uniforms for the company, and that the company and the employees were to pay for their laundry; that keys to the place were given to the plaintiff and certain items were purchased by plaintiff, charged to the company and were not paid for; that a jack, tow-chain, tires and miscellaneous tools were missing from their shop. He testified that he described these items to the officers before issuing the warrant; that he knew the items described in the complaint were taken by plaintiff, but the rest of them he only found to be missing.

Plaintiff did testify that he took the keys with him and returned the uniforms after his arrest, but that he had intended to return to his position all of this time. He admitted charging the three-way valve to the company, which he said was to be recharged to him and taken from his pay, under the general rule of the company.

Defendants claim that before charging items to the company it was necessary to obtain permission of one of the partners. This was disputed and it was shown that other employees charged smaller items to the company without such consent and that the items were later billed to them or the sums taken from their pay checks.

As to the contention that the determination of the prior action was not on its merits and therefore was not final and was not a termination in plaintiff's favor, defendants apparently rely upon the testimony of the deputy district attorney to whom the case was assigned that he had dismissed it because he thought it was insignificant. This deputy district attorney said he knew nothing whatever of the case, the facts surrounding it, or of the merits. He did not know that the uniforms plaintiff was accused of taking did not belong to the defendants. Certain items that plaintiff was accused of stealing were parts purchased by plaintiff and charged to the account of defendants with the company's permission. The dismissal of the criminal case was first cleared through the deputy district attorney's immediate superior and the actual dismissal was authorized by the district attorney, "by reason of lack of evidence and in the interest of justice." The jury saw and heard the testimony of the deputy district attorney

and they decided not to believe his testimony as to the reasons he gave for the dismissal of the criminal action, but to believe other evidence produced. This was permissible. (*Estate of Bristol*, 23 Cal.2d 221, 223 [143 P.2d 689].) It is without question that the evidence established that the criminal complaint was dismissed in accordance with the motion and the prosecution terminated. No further action was taken on the criminal charge by way of any other complaint being filed.

An element in determining whether the complaint is dismissed on its merits would be whether or not a second complaint could be issued on the same charges, or if the defendant could, in such event, claim the defense of double jeopardy. (Pen. Code, § 1387; *People* v. *Aiken*, 108 Cal.App.2d 343 [238 P.2d 1019]; *Hurgren* v. *Union Mutual Life Ins. Co.*, 141 Cal. 585 [75 P. 168]; *Jaffe* v. *Stone, supra*, 18 Cal.2d 146.) In *Hudson* v. *Zumwalt*, 64 Cal.App.2d 866, 872 [149 P.2d 457], it is stated: "While it is necessary to prove that the former malicious action was terminated favorably to the party claiming injury, it need not be shown that it was finally decided on its merits. It is sufficient if it was disposed of in such a manner as to require the plaintiff to institute another action to try the issues presented." See also *Kennedy* v. *Byrum*, 201 Cal.App.2d 474, 479-480 [20 Cal.Rptr. 98]. In *Jaffe* v. *Stone, supra*, 18 Cal.2d 146, 150, it was said that: ". . . if the criminal proceeding goes to trial, it is ordinarily necessary, as a foundation for a malicious prosecution suit, that the plaintiff should have been acquitted."

But as applied to a dismissal, or other termination, without a complete trial on the merits, if it was of the nature to indicate the innocence of the accused, it is a favorable termination sufficient to satisfy the requirement.

The dismissal in the instant case, on its face, shows lack of sufficient evidence and in the interests of justice the complaint was dismissed. The jury had a right to believe that it was because of a lack of evidence of plaintiff's guilt that the case was dismissed, and accordingly there was a termination favorable to defendant in the criminal action although the evidence may have well supported a contrary finding. (*Bulkley* v. *Klein*, 206 Cal.App.2d 742 [23 Cal.Rptr. 855].)

The next question involved want of probable cause for instituting the criminal proceeding. Defendants rely upon the advice of counsel, the deputy district attorney, in instituting the criminal action, as a complete defense in a malicious

prosecution. (Citing *Richter* v. *Neilson,* 11 Cal.App.2d 503, 508 [54 P.2d 54], where it is said that:

"... it has long since been the law that if in addition to his own belief a defendant proves that before commencing the prosecution of the action alleged to be malicious he sought the legal advice of an officer selected by the people to prosecute offenders against laws and in good faith fully and fairly disclosed to that officer all of the information he possessed and was then advised that a crime had been committed and the prosecution is based upon a complaint prepared by that officer, he has made out a complete defense to the action. . . ."

See also *Ross* v. *O'Brien,* 9 Cal.App.2d 1 [48 P.2d 718]; *Walker* v. *Jensen,* 95 Cal.App.2d 269 [212 P.2d 569].

The jury had a right to believe that the uniforms that were issued to plaintiff and which he was accused of taking were not the property of defendants; that they were leased or rented to defendants herein, both defendants and plaintiff paying part of the cost of their use; that they were subsequently returned to their true owner; and that defendants did not truly represent these facts to the deputy district attorney. The same may be true as to the items claimed to have been taken which were purchased from the parts dealer under arrangement for special discount to the employees and later charged to the employees by the defendant company. The evidence was in conflict on the subject, but the jury had a right to believe plaintiff and his witnesses in this respect. The keys were returned to defendants. The evidence was incomplete as to whether plaintiff, when he left for the north, intended to return to work for defendant company and resume his former rights or whether he had left permanently. The jury apparently believed plaintiff as to his intention to return and therefore believed that his privileges were not at an end when the warrant for his arrest was signed by defendants. As to other items mentioned, defendants testified that they were "missing" and that they "suspected" that plaintiff had taken them. No proof of these facts resulted. The question of probable cause and fair disclosure was left to the jury to determine, under proper instructions. (*Miller* v. *Lee,* 66 Cal. App.2d 778 [153 P.2d 190]; *Schubkegel* v. *Gordino,* 56 Cal. App.2d 667, 673 [133 P.2d 475]; *Diggs* v. *Arnold Bros., Inc.,* 132 Cal.App. 518, 523 [23 P.2d 71]; *Fry* v. *Bank of America,* 142 Cal.App.2d 150, 158 [298 P.2d 34]; *Graham* v. *Griffin,*

66 Cal.App.2d 116, 122 [151 P.2d 879].) It is incumbent on the party who seeks to use advice of counsel to show probable cause to have made a full and fair disclosure of all the facts within his knowledge tending to prove or disprove the charges made, and it is his further duty to find out all the pertinent facts known to his own agents and such facts as are readily ascertainable at the time, and to acquaint counsel with them.

He may not plead advice of counsel as a defense where he failed to make a full and fair disclosure of all the pertinent facts which he knew or should have known with regard to the alleged malicious charge. (*Baker* v. *Gawthorne*, 82 Cal. App.2d 496, 500 [186 P.2d 981]; *Kennedy* v. *Byrum, supra,* 201 Cal.App.2d 474, 481-482; *Klotz* v. *Alexander*, 203 Cal. App.2d 238 [21 Cal.Rptr. 305].)

Lastly, on the question of malice, the element of probable cause is to be viewed subjectively as well as objectively, and its presence involves consideration not only of the actual facts of the case, but of the facts and circumstances as comprehended by the mind of the actor according to his honest and reasonable belief, and one who knowingly presses a baseless criminal charge acts without probable cause, and is guilty of malice per se. (*White* v. *Brinkman*, 23 Cal.App.2d 307-308 [73 P.2d 254].) There is evidence that defendants became angry with plaintiff because he did not return to work at the time they wished; that they believed he might have taken some of the items that were missing; that when they later believed he was going to quit his job, they discharged him; that they then had him arrested and gave as the reason therefor that he had in his possession the uniforms with the company name on them and had charged purchases to their account. Plaintiff was arrested, fingerprinted, kept in jail over-night, and was put to the burden and onus of defending a criminal action and the expense thereof. Defendants claim that the only evidence of malice is the testimony of one Ira Jeffus, which they claim is refuted by defendants, i.e., that Euel Beckham was "mad" and said that they (defendants) were going to "hang" plaintiff "from the yardarm," and that they were going to see that the "book was thrown at him."

Malice may be inferred from the declarations of the defendants indicating prejudice, ill will, or malicious motive. (*Naylor* v. *Peters*, 139 Cal.App. 244 [298 P. 53]; *Portman* v. *Keegan*, 31 Cal.App.2d 30 [87 P.2d 400].) Malice does not necessarily infer the presence of anger or vindictiveness.

It is sufficient if it appears that the former suit was commenced in bad faith to vex, annoy or wrong the adverse party. Like any other fact in issue, malice may be proved by direct evidence or may be inferred from all the circumstances in the case. It may, but need not necessarily, be inferred from want of probable cause. (*Centers* v. *Dollar Markets*, 99 Cal.App.2d 534, 541 [222 P.2d 136]; *Pickering* v. *Havens*, 70 Cal.App. 381, 388 [233 P. 346]; *Singleton* v. *Singleton*, 68 Cal.App.2d 681 [157 P.2d 886]; *Albertson* v. *Raboff*, 46 Cal.2d 375 [295 P.2d 405].)

The jury and the trial court were of the opinion that the prior action, wherein plaintiff was arrested, was terminated in his favor; that the defendants, in causing plaintiff's arrest, did not have probable cause to do so and acted with malice in commencing said proceedings. It is presumed that the jury, in rendering its verdict in favor of plaintiff, decided all the disputed facts in his favor.

Judgment affirmed.

Brown (Gerald), J., and Conley, J.,* concurred.

*Assigned by Chairman of Judicial Council.