[Civ. No. 31436.   Second Dist., Div. One.   Aug. 16, 1967.]

SUSANO DE LA RIVA, Plaintiff and Appellant, v. OWL DRUG CO. et al., Defendants and Respondents.

Donald J. Hirsch for Plaintiff and Appellant.

Spray, Gould & Bowers and Daniel L. Dintzer for Defendants and Respondents.

LILLIE, J.—By his complaint as amended plaintiff sought damages for malicious prosecution of a criminal proceeding charging him and others with violations of section 182, subdivisions 1 and 4 of the Penal Code (conspiracy to steal merchandise from defendants' warehouse). It was alleged that at the conclusion of the preliminary hearing in December of 1958 he was held to answer for trial in the superior court, and that on February 16 of the following year the proceedings were dismissed "in the interests of justice" on motion of counsel for the People. It was further alleged that such dismissal was a favorable termination of the prior proceeding in that the People's counsel knew or should have known that the evidence was insufficient to convict plaintiff of any crime, and that the motion was made despite plaintiff's refusal to stipulate to "probable cause." The remaining elements necessary for maintenance of the instant action, malice and lack of probable cause (*Jaffe* v. *Stone*, 18 Cal.2d 146, 149 [114 P.2d 335, 135 A.L.R. 775]), are also pleaded.

Defendants' answers each included an affirmative defense alleging that plaintiff, after being held to answer, unsuccess-

fully moved to quash the information (Pen. Code, § 995) and thereafter permitted such order of denial to become final without taking steps by writ of prohibition or otherwise to review its propriety; that inherent in the order of plaintiff's commitment for trial is a finding that there was probable cause to believe him guilty of the offenses charged, and he is therefore estopped from seeking the relief sought in the subject action as to matters which, it is further alleged, are now res judicata.

By stipulation the trial court first considered the merits of the above special defense (Code Civ. Proc., § 597.) Upholding such defense, the court found that since the order denying plaintiff's motion under section 995 had become final, he was collaterally estopped to deny the existence of probable cause; it was further found that such final order was res judicata of the existence of reasonable and probable cause for plaintiff's arrest and prosecution. From the ensuing judgment, plaintiff has appealed.

Defendants agree with plaintiff's assertion that the holding of a person to answer by the committing magistrate is not conclusive evidence that the prosecution later complained of was with probable cause and without malice (*Diemer* v. *Herber*, 75 Cal. 287 [17 P. 205]); they point out, however, that proceedings under section 995 were not there involved. By virtue of that section, say defendants, the plaintiff here was provided with an opportunity to challenge the magistrate's ruling in the superior court, and that upon such review the court had before it the transcript of the proceedings before the magistrate. But defendants make no mention of the limited scope of review governing motions under that section:

▮ ''On a motion to set aside an information, the question of the guilt or innocence of the defendant is not before the court, nor does the issue concern the quantum of evidence necessary to sustain a judgment of conviction. The court is only to determine whether the magistrate, acting as a man of ordinary caution or prudence, could conscientiously entertain a reasonable suspicion that a public offense had been committed in which the defendant had participated. [Citation.]'' (*People* v. *Jablon*, 153 Cal.App.2d 456, 459 [314 P.2d 824].)

▮ Defendants do not go so far as to contend that the order denying the motion (to set aside) was necessarily a final determination establishing probable cause for the subject criminal prosecution; rather, as noted earlier, it is plaintiff's failure to seek further and timely review of such order which

assertedly accords finality thereto. However, had he sought prohibition, the scope of review would still have been limited: "By section 995 of the Penal Code, an information, and, since 1949 an indictment, 'must be set aside by the court [if the defendant] has been indicted without reasonable or probable cause' or 'committed without probable cause.' The term 'probable cause' as used in this connection, was defined in *People* v. *Nagle*, 25 Cal.2d 216, 222 [153 P.2d 344], in which it was pointed out that the evidence which will justify a prosecution need not be sufficient to support a conviction." (*Lorenson* v. *Superior Court*, 35 Cal.2d 49, 56 [216 P.2d 859].)

No case authority is cited by defendants in support of the proposition presently contended for; on the other hand, it has been stated that if a defendant does not seek prohibition, preferring to plead and stand trial, he may indirectly challenge the denial of his motion to quash on appeal from the judgment of conviction. (Witkin, Cal. Criminal Procedure (1963) p. 215.) Cited is *People* v. *Elliot*, 54 Cal.2d 498 [6 Cal.Rptr. 753, 354 P.2d 225], where a motion under section 995 on the ground that appellant had not been "legally committed" was denied; thereafter she unsuccessfully sought prohibition, the writ being denied without opinion. Upon commencement of her trial in the superior court, she moved to dismiss the information, and in the alternative, to exclude all evidence on the ground that her rights had been violated by the committing magistrate. Such motions were overruled. The Supreme Court declared that "if the defendant has not been legally committed and if the trial court erroneously denies the motion to set the commitment aside and permits the action to proceed to judgment, the resulting conviction must be reversed. [Citations.] The theory of these cases is that where the accused is not legally committed within the meaning of section 995 of the Penal Code, the commitment is voidable. Upon proper objection, the superior court has no jurisdiction to proceed. It is the same as if no preliminary examination at all had been held, and is analogous to the situation where no evidence to connect the accused with the crime is introduced at the preliminary examination. In such event, of course, the information must be quashed. (*Greenberg* v. *Superior Court*, 19 Cal.2d 319 [121 P.2d 713].)'' (P. 503.) Because appellant Elliot actually sought prohibition (as noted above), the decision perhaps is not authority for the statement attributed to it in the test, *supra*; but it does answer the claim of defendants

in their brief that no authority has been found which would indicate that an order under Penal Code section 995 is not a final determination of the question of probable and reasonable cause.

The fallacy of defendants' argument lies in their failure to appreciate the fact that a preliminary hearing is not a complete trial on the merits; otherwise there would be no reason for the determinations reached in *People* v. *Jablon, supra,* 153 Cal.App.2d 456, and numerous other decisions narrowly delimiting appellate review of the propriety of orders by committing magistrates. As stated in *Jaffe* v. *Stone, supra,* 18 Cal.2d 146: ██ "The purpose of [a preliminary] hearing is to determine whether a public offense has been committed, and whether there is sufficient cause to believe the defendant guilty thereof. If a sufficient showing is made, the defendant is 'held to answer' for trial in the superior court. [Citation.] The purpose of the preliminary hearing is to weed out groundless or unsupported charges of grave offenses, and to relieve the accused of the degradation and the expense of a criminal trial. Many an unjustifiable prosecution is stopped at that point, where the lack of probable cause is clearly disclosed. The more unwarranted the charge, the more reckless and malicious the motives which inspired it, the less likelihood there is of its surviving this initial scrutiny by a judicial officer. Thus frequently the most objectionable and unwarranted prosecutions, which most clearly call for redress, are those which are terminated by dismissal by the magistrate for lack of evidence." (Pp. 149-150.)

A further fallacy in defendants' argument is disclosed by their reliance on *Teitelbaum Furs, Inc.* v. *Dominion Ins. Co., Ltd.,* 58 Cal.2d 601 [25 Cal.Rptr. 559, 375 P.2d 439], which assertedly supports their claims of collateral estoppel and res judicata; they quote from pages 606-607 of the opinion which notes that "Although plaintiffs' president did not have the initiative in his criminal trial, he was afforded a full opportunity to litigate the issue of his guilt with all the safeguards accorded the criminal defendant, and since he was charged with felonies punishable in the state prison (Pen. Code, § 17), he had every motive to make as vigorous and effective a defense as possible." But the issues in the *Teitelbaum* criminal proceeding and the proceeding here are quite different; in the former it was the defendant's guilt or innocence, and in the latter (as pointed out by us already) only the existence of a

reasonable suspicion that defendant (plaintiff here) had participated in a public offense.[1]

Perhaps too much emphasis has been placed by the parties upon this element of finality, or otherwise, since "it is now the well-established rule that a verdict or final determination upon the merits of the malicious civil suit or criminal prosecution complained of is not necessary to the maintenance of an action for malicious prosecution, but that it is sufficient to show that the former proceeding had been *legally terminated*. The fact that such legal termination would not be a bar to another civil suit or criminal prosecution founded on the same alleged cause is no defense to the action for malicious prosecution; otherwise, a party might be continuously harassed by one suit after another, each dismissed before any opportunity for a trial on the merits." (*Hurgren* v. *Union Mut. Life Ins. Co.*, 141 Cal. 585, 587-588 [75 P. 168].) And in *Hudson* v. *Zumwalt*, 64 Cal.App.2d 866, it was said at page 872 [149 P.2d 457] : "While it is necessary to prove that the former malicious action was terminated favorably to the party claiming injury, it need not be shown that it was finally decided on its merits. It is sufficient if it was disposed of in such a manner as to require the plaintiff to institute another action to try the issues presented. [Citations.]" To the same effect is *Jackson* v. *Beckham*, 217 Cal.App.2d 264, 270 [31 Cal.Rptr. 739]. In the present case, of course, the dismissal was no bar to the institution of another action since the offenses charged were felonies. (Pen. Code, § 1387.) The *Jaffe* decision makes reference to situations "where the plaintiff may show malice, lack of probable cause, and final termination which precludes any further prosecution for the offense and still be unable to recover. These are the situations where after indictment or information the district attorney enters a *nolle prosequi*, formally and finally abandoning the proceedings, but does so, for example, as a result of acts of the accused preventing the procurement of evidence, or the impracticability of bringing the accused to trial. The accused is finally free from any prosecution for the offense, but his innocence has not been indicated; though *finally* terminated, the proceeding was not *favorably* terminated." (P. 156.)

---

[1]Apropos this facet of the case is the following from *Jaffe*: "If the accused were actually convicted, the presumption of his guilt or of probable cause for the charge would be so strong as to render wholly improper any action against the instigator of the charge. The thought has also been expressed that the tort action under such circumstances would involve a collateral attack on the criminal judgment." (P. 150.)

The situation at bar being not unlike that mentioned above, the question remains whether there was a favorable termination of a proceeding otherwise final. According to *Jaffe*, "the requirement of favorable termination is that it tends to indicate the innocence of the accused, and coupled with the other elements of lack of probable cause and malice, establishes the tort, that is, the malicious and unfounded charge of crime against an innocent person." (P. 150.) In *Jackson* v. *Beckham, supra*, 217 Cal.App.2d 264, the dismissal order was authorized by the district attorney " 'by reason of lack of evidence and in the interest of justice.' " (P. 269.) The court observed that "as applied to a dismissal, or other termination, without a complete trial on the merits, if it was of the nature to indicate the innocence of the accused, it is a favorable termination sufficient to satisfy the requirement." (P. 270.) Continuing, "The dismissal in the instant case, on its face, shows lack of sufficient evidence and in the interests of justice the complaint was dismissed. The jury had a right to believe that it was because of a lack of evidence of plaintiff's guilt that the case was dismissed, and accordingly there was a termination favorable to defendant in the criminal action although the evidence may have well supported a contrary finding. [Citation.]" (P. 270.)[2] Unlike our case, in *Jackson* the former deputy district attorney was called as a witness and testified that the criminal proceeding there pending was insignificant in importance in contrast to other prosecutions pending; too, that while he was in the district attorney's office he was " 'lazy' " and "was 'always looking to dismiss a misdemeanor case so I wouldn't have to go to trial.' " The reviewing court held that the jury permissibly disbelieved such testimony as the reasons for the dismissal.

In the present proceeding, as noted at the outset, the only ground for the order of dismissal was "in the interests of justice." In addition, as also heretofore noted, such order followed the refusal of the defendant (plaintiff here) to stipulate to the existence of probable cause. In the light of the meager showing on the instant point by all parties to the present appeal, we would experience some difficulty in deter-

[2]Defendants refer to an annotation in 59 A.L.R.2d 1413, 1429 (1958), stating that California follows the "Majority rule" to the effect that no evidence of want of probable cause arises upon discontinuance of the prosecution by order of court (citing *Centers* v. *Dollar Markets*, 99 Cal. App.2d 534 [222 P.2d 136]). In a supplement to the above volume (1964 Midyear Pamphlet), the *Jackson* case is cited as following the "Minority rule."

mining whether the dismissal in question tends to indicate the innocence of the accused and, in such circumstances, would warrant a finding of a termination favorable to plaintiff. The term "In the interests of justice" implies considerations which would favor each side to this litigation. We are persuaded that the judgment must be reversed and the cause remanded for the following reasons: The affirmative or special defense is silent on this element of favorable termination; there is no discussion of such element in any of the briefs; no testimony was taken with respect thereto, and there is no finding covering this particular element.

Having concluded that the affirmative defense does not bar plaintiff's claim, we reverse the judgment for further proceedings not inconsistent with the views hereinabove set forth.

Wood, P. J., and Fourt, J., concurred.