[Civ. No. 34123. Second Dist., Div. Five. May 8, 1970.]

RICHARD P. RICH, Plaintiff and Appellant, v.
LILLYAN S. SIEGEL, Defendant and Respondent.

## Counsel

Rich & Ezer and Mitchel J. Ezer for Plaintiff and Appellant.

Henry A. Fox for Defendant and Respondent.

## Opinion

**STEPHENS, J.**—Plaintiff appeals from a judgment of dismissal, entered after defendant's demurrer to his complaint was sustained without leave to amend. (Code Civ. Proc., § 581d.)

In his complaint, plaintiff Rich alleged that on April 9, 1968 case No. 930087 was filed in the Superior Court for Los Angeles County, with defendant Siegel as one of the plaintiffs, and Rich as one of the defendants. In that action Siegel sought damages for an alleged wrongful attachment, malicious abuse of process, and malicious prosecution committed by Rich in an earlier action (Los Angeles Superior Court case No. 848797), although Siegel had not been a defendant in that earlier action.

Plaintiff alleged that he filed a motion for partial summary judgment against Siegel alone in case No. 930087, and on July 17, 1968 the court entered an "Order Declaring Defendant's Claim Partially Established and Severing Cause of Action for Trial," pursuant to which it was ordered and decreed as follows: "That plaintiff Lillyan S. Siegel's claim contained as part of the first cause of action contained in plaintiffs' amended complaint herein lacks merit and that defendant Richard P. Rich's defense thereto is established . . . [and] on termination of this action the judgment herein shall, in addition to any other matters determined in this action, adjudge and decree that said first cause of action as to plaintiff Lillyan S. Siegel and against defendant Richard P. Rich be dismissed."

Plaintiff alleged that case No. 930087 had been favorably terminated as between himself and defendant, and in the instant action seeks damages for malicious prosecution in bringing the allegedly baseless claims against him.

The sole issue in the instant case is whether a "partial summary judgment" constitutes a favorable termination of case No. 930087 so as to entitle plaintiff to commence an action for malicious prosecution.

Plaintiff concedes that in spite of its name, a partial summary judgment is not in fact a judgment but rather an order directing the subsequent entry

of a judgment.[1] Nevertheless, he argues that it effectively forecloses defendant from proceeding further against him in case No. 930087. He relies upon a series of cases which, he contends, hold that "favorable" termination should not be mistaken for "final" termination. (See *Jaffe* v. *Stone,* 18 Cal.2d 146 [114 P.2d 335, 135 A.L.R. 775]; *Hurgren* v. *Union Mut. Life Ins. Co.,* 141 Cal. 585 [75 P. 168]; *De La Riva* v. *Owl Drug Co.,* 253 Cal.App.2d 593 [61 Cal.Rptr. 291]; *Jackson* v. *Beckham,* 217 Cal.App.2d 264 [31 Cal.Rptr. 739]; *Kennedy* v. *Byrum,* 201 Cal.App.2d 474 [20 Cal. Rptr. 98]; *Hudson* v. *Zumwalt,* 64 Cal.App.2d 866 [149 P.2d 457].) In each of these cases, however, an action, either criminal or civil, had been dismissed prior to a judgment on the merits. The courts were confronted with the argument that there was no termination until the case was decided on its merits, and the issues involved could never be relitigated. In each case, this contention was rejected. "[I]t is now the well-established rule that a verdict or final determination upon the merits of the malicious civil suit or criminal prosecution complained of is not necessary to the maintenance of an action for malicious prosecution, but that it is sufficient to show that the former proceeding had been *legally terminated.* The fact that such legal termination would not be a bar to another civil suit or criminal prosecution founded on the same alleged cause is no defense to the action for malicious prosecution . . ." (*Hurgren* v. *Union Mut. Life Ins. Co., supra,* at p. 587.) The necessity of a "final termination" as those words are ordinarily understood was reaffirmed: "In stating the requirements of termination, courts aften say that the proceeding must be 'finally' terminated. Such a statement is entirely accurate if the ordinary reasonable meaning of the words is taken. The *proceeding* must be finally terminated; that is, the particular criminal proceeding commencing, for example, by complaint and arrest, must have passed through some such stage as preliminary hearing and dismissal, or trial and acquittal or abandonment by the prosecuting authorities. When this has occurred, *that proceeding is finally terminated.* If the termination was such as not to constitute a bar to a new prosecution, the accused may be charged and tried again for the same offense; but this will be a *new proceeding,* with a new court number,

---

[1]Code of Civil Procedure section 437c provides in pertinent part: "If it appear that such defense applies only to a. part of the plaintiff's claim, or that a good cause, of action does not exist as to a part of the plaintiff's claim, or that any part of a claim is admitted or any part of a defense is conceded, the court shall, by order, so declare, and the claim or defense shall be deemed established as to so much thereof as is by such order declared and the cause of action may be severed ,accordingly, and the action may proceed as to the issues remaining between the parties. No judgment shall be entered prior to the termination of such action but the judgment in such action shall, in addition to any matters determined in such action, award judgment as established by the proceedings herein provided for. A judgment entered under this section is an appealable judgment as in other cases."

new pleadings, new judge and jury, and a new judgment." (*Jaffe* v. *Stone, supra,* at p. 152.)

"It is sufficient if it was disposed of in such a manner as to require the plaintiff to institute another action to try the issues presented." (*Hudson* v. *Zumwalt, supra,* at p. 872.)

In the instant case, there has been no such termination of the prior proceeding. Defendant can only appeal the partial summary judgment when judgment is ultimately rendered in case No. 930087. (*Swaffield* v. *Universal Ecsco Corp.,* 271 Cal.App.2d 147 [76 Cal.Rptr. 680].) Until the court's order granting the partial summary judgment is either affirmed on appeal, or the time in which to take appeal passes, defendant Siegel's action against plaintiff is still pending.[2] A judgment is not final so long as the action or proceeding in which it was rendered is still pending. (*Pacific Gas & Elec. Co.* v. *Nakano,* 12 Cal.2d 711 [87 P.2d 700, 121 A.L.R. 417].) So long as the action is still pending, there has been no *favorable termination,* and a malicious prosecution suit will not lie. (See *Albertson* v. *Raboff,* 46 Cal.2d 375, 378 [295 P.2d 405], where, in an action for disparagement of title and malicious prosecution, the court noted that the action would be premature as to that part of a prior judgment in which an appeal was still pending, but was timely as to that part of the prior judgment which had not been appealed, since the latter became final 60 days after the date thereof; see also the annotation in 41 A.L.R.2d 863, wherein it is noted that the weight of authority favors the rule that pendency of an appeal from the judgment in a civil action precludes maintenance of a suit for malicious prosecution.)

By holding that case No. 930087 cannot be favorably terminated as to plaintiff and defendant until such time as the partial summary judgment is either affirmed on appeal or becomes final through failure to take an appeal, we do not make it possible for plaintiff's cause of action for malicious prosecution to be lost by the running of the statute of limitations. A cause of action for malicious prosecution does not accrue until such time

---

[2]See Code of Civil Procedure section 1049, which provides: "An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied."

as the prior proceeding is favorably terminated. (*Jaffe* v. *Stone, supra,* 18 Cal.2d 146, 149; Rest., Torts, § 674.)[3]

The judgment is affirmed.

Kaus, P. J., and Aiso, J., concurred.

---

[3]The present judgment, holding that plaintiff's action is premature, is not a judgment on the merits, and will not bar a new suit when the cause of action accrues. (*Mercer Cas. Co.* v. *Lewis,* 41 Cal.App.2d 918, 923-924 [108 P.2d 65]; Witkin, Cal. Procedure (1954) Judgments, § 53; Rest., Judgments, § 54.)