No. 2,049.

E. JULIUS LEVY, Respondent, v. SAMUEL BRANNAN, Appellant.

39  585
78  125,
39  485,
107  396
39  485
6143 623

Malicious Prosecution.—Malice.—In actions for a malicious prosecution, actual malice must be proved as a fact to the jury.

Idem.—Advice of Counsel.—In such actions the defendant may rebut the evidence of the plaintiff touching the want of probable cause, by showing that he acted in good faith, under the advice of counsel, after a fair and full statement of the facts of the case.

Idem.—Pleading.—Such evidence is directly responsive to the evidence on the part of the plaintiff tending to show the want of probable cause, and does not constitute new matter within the sense of the Code.

Misconduct of the Jury.—To induce a portion of the jurors to assent to a verdict of $1,500 instead of $1,000, by drawing lots, is misconduct on the part of the jury, for which the verdict should be set aside.

Police Judge of San Francisco.—The Police Judge of San Francisco is vested by the statute with the powers of a Magistrate.

Appeal from the District Court of the Fourth District, City and County of San Francisco.

The case is stated in the opinion.

*Winans & Belknap*, for Appellant.

*First*—The Court erred in refusing defendant's instruction, that "malice, actual, must be proved by plaintiff."

"This action ought not to be maintained," says Holt, C. J., in *Savill* v. *Roberts* (12 Mod. 208), "without rank and express malice and iniquity." In *Bulkley* v. *Smith* (2 Duer, 271), the Court holds that "in order to maintain a suit for a malicious prosecution, the plaintiff is bound to prove the entire want of a probable cause for the accusation, and the *actual malice of the defendant in preferring it*." This doctrine is directly counter to the ruling of the Court in denying the above instruction. And Bronson, C. J., says, in *Foshay* v. *Ferguson* (2 Denio, 619), that "all the books agree that *proof of express malice* is not enough, without showing, also, the want of probable cause."

, *Second*—The Court erred in not granting a new trial on the ground of misconduct of the jury in being induced to assent to the verdict by a resort to the determination of chance. (*Wilson* v. *Berrym*, 5 Cal. 45; *Donner* v. *Palmer*, 3 Cal. 40, 47; *Boyce* v. *California Stage Co.* 25 Cal. 477;

(T.)

*Phelps* v. *Fowler*, Barnes' Notes of Cases, 441; *Mitchell and Wife* v. *Eckle*, 10 Wend. 595; *Smith* v. *Chatham*, 3 Caines' R. 57.)

*Third*—The Court erred in excluding the evidence offered by the defendant to show that he acted under the advice of counsel.

The Court held that defendant could not prove a justification by acting in good faith, under the advice of counsel, without having set up such a defense in the answer. In this the Court, we submit, was wrong, as the cases hold the other way. In the action of malicious prosecution the malice and want of probable cause, must, both of them, be averred and proved by the plaintiff, for they constitute the foundation of his right and the gravamen of the case. As it is necessary for plaintiff to charge these in the complaint, defendant has only to deny them, and under the issue thus raised he can introduce any evidence that tends to disprove malice or want of probable cause. (*Radde* v. *Ruckgaber*, 3 Duer, 685; *Haupt* v. *Pohlman*, 16 Abbot's Pr. Rep. 302; *Bridge* v. *Parsons*, 5 Sandf. 217; *Stevens* v. *Fassett*, 27 Me. 283; *Hall* v. *Suydam*, 6 Barb. 88; *Blunt* v. *Little*, 3 Mason, 105; *Potter* v. *Seale*, 8 Cal. 225; *Williams* v. *Van Meter*, 8 Miss. 339; *Turner* v. *Walker*, 3 Gill & J. 377; *Walter* v. *Sample*, 1 Casey, 275; *Wells* v. *Noyes*, 12 Pick. 327; 3 Stephens, *Nisi Prius*, 2284.)

*Campbell, Fox & Campbell*, for Respondent.

*First*—Advice of counsel could be no defense, when the prosecutor knows that the statements made by him, upon which the malicious prosecution is based, are untrue. And such was the fact in this case. Brannan, to set this prosecution in motion, swore that his property had been stolen. If he knew anything, he knew that that statement was false; and no matter what advice he may have received from counsel, it forms no justification. This case, in two important features, is very much like that of *Hewlett* v. *Crutchley* (5 Taunt. 277.) The defendant did not fairly state all the facts to his counsel; and the alleged facts, upon which the malicious prosecution was founded, were known to him to be

untrue. Either of these defeats this defense. We have too much respect for the counsel to believe that he advised any such prosecution, upon a full knowledge of the facts.

The defense, that defendant acted by advice of counsel, must show that such advice was given upon a full and fair statement of the facts. (*Bliss* v. *Wyman*, 7 Cal. 257.)

The defense sought to be made was, that defendant acted under the advice of counsel. Under our rule of pleading, this (while its effect may sometimes be to rebut the averment of want of probable cause and the assumption of malice) is new matter—*matter in avoidance*—which must be specially plead. (Practice Act, Sec. 46.)

It was an issue not tendered by plaintiff—a fact which defendant was bound to prove. It was, therefore, a special defense which must be stated in the answer. (*Peircy* v. *Sabin*, 10 Cal. 22; *Glazier* v. *Clift*, 10 Cal. 303; *Bridges* v. *Page*, 13 Cal. 640; *Coles* v. *Soulsby*, 21 Cal. 47.)

*Second*—The seventh instruction asked by defendant, as it was presented, was calculated to mislead the jury, and was, therefore, properly refused. The impression which would be left upon the minds of a jury from such an instruction would be, that there must be proof of an expressed malice. The charge, as given by the Court upon that point, was sound in law and clearly expressed.

*Third*—At first glance, there might seem to be something in the ninth point made by appellant. But a careful examination of the affidavit referred to will show that the case does not come within the statute or any of the authorities cited by counsel. In all the cases cited, the *verdict* was arrived at by a resort to chance. Not so in this case. According to the affidavit, *a portion* of the jury resorted to chance to find, not whether they would find for plaintiff or defendant, but what should be the amount of damages to which that portion of the jury would agree. It will be seen that when that resort to chance had been made, and the amount thus settled as between the parties to the game of chance, *it was not a verdict*, because *all* had not agreed to it—or to be bound by it. The *jury* did not resort to chance; a portion of the jury refused to do so. The result, then, could not

be a verdict. That afterwards a verdict was agreed upon, fixing the damages at the same amount, which agreement was not brought about by chance, cannot vitiate. This is the view taken by the Court below, and we think it is correct.

RHODES, C. J., delivered the opinion of the Court :

The Court refused to instruct the jury, at the request of defendant, that "malice, actual, must be proved by the plaintiff;" and in this the Court, in our opinion, erred. Malice is a fact to be found by the jury in an action for malicious prosecution. It may be proven by the acts or declarations of the defendant, in respect to the prosecution, or the matter which was made the subject of the criminal charge against the plaintiff, or it may be inferred by the jury from the want of probable cause. The want of probable cause does not raise a legal presumption of malice, but it may be inferred therefrom—though it is not necessarily inferred—by the jury, as it may be inferred from other circumstances. But, by whatever mode it may be proven, it is proven as a fact. The charge must be shown to be wilfully false. The malice, therefore, must be actual. (2 Greenl. Ev. Sec. 453; 3 Phil. Ev. 572; *Bulkeley* v. *Smith*, 2 Duer, 261.) The error is not cured by the instructions of the Court, but, on the contrary, the jury are directed that the law will presume malice, if it be found that the defendant caused the plaintiff to be arrested upon a criminal charge, and that the prosecution was ended and the plaintiff discharged because of the failure of the defendant to prosecute the case.

The defendant also assigns as error the refusal of the Court to permit him to prove that he acted under the advice of counsel. The *onus* is upon the plaintiff to prove his allegation of the want of probable cause. The defendant may rebut the evidence of the plaintiff on this point by showing that he acted in good faith, under the advice of counsel, after a full and fair statement to his counsel of the facts of the case. (See *Potter* v. *Seale*, 8 Cal. 224, and other cases cited by

defendant.)  Such evidence is directly responsive to the evidence introduced by the plaintiff to show the want of probable cause, and does not constitute new matter within the sense of the Code.  It is objected that the defendant did not prove that he made a full and fair statement of the facts to his counsel; but the answer is, that the evidence was arrested on the outset before the defendant had an opportunity to prove, or offer to prove, that he made such statement to his counsel.  But the error in the ruling of the Court on this point became immaterial, for it clearly appears that the defendant's counsel *did not* advise the arrest of the plaintiff.

The plaintiff, for the purpose of proving that the defendant knew that the charge of grand larceny, preferred by him against the plaintiff, was false, was entitled to introduce evidence showing that it was the rule or custom of the police office to take from the persons of those arrested the property in their possession, and to prove that the defendant knew the rule of the police in that respect by showing that he had been arrested, and his property taken from him by the police officers, prior to the 14th of November, 1865, and by producing receipts given by him to the Chief of Police, upon the return of such property.

But the admission of the testimony of Martin, that he arrested the defendant, without showing that the arrest was made before that time, and the admission of the receipt of the defendant to the Chief of Police, given after that date, and after the arrest of the plaintiff, was erroneous.

The affidavit of the juror showed a case of misconduct of the jury, within the provisions of the second subdivision of Section 193 of the Code.  It is thereby shown that a portion of the jurors were induced to assent to a verdict for the sum of $1,500, instead of $1,000, by drawing lots.  For this misconduct the verdict should have been set aside.

The point that the proceedings had before the Police Judge, in the prosecution of the plaintiff, were extra-judicial, is not tenable.  The Judge is vested by the statute (Stats.

1863–4, p. 30) with "power to hear cases for examination;" that is to say, the powers of a Magistrate.

Judgment reversed and cause remanded for a new trial.

By SPRAGUE, J.: I concur in the judgment.