[Civ. No. 15991. Second Dist., Div. Two. Nov. 20, 1947.]

MURIEL BAKER, Respondent, v. F. A. GAWTHORNE, Appellant.

Milton M. Cohen and Milton M. Cohen, Jr., for Appellant.

Arthur V. Kaufman for Respondent.

MOORE, P. J.—Appeal from a judgment in the sum of $1,100 awarded respondent for the malicious prosecution of an unlawful detainer action.

On March 20, 1946, the Gawthornes as owners of an apartment house in the city of Los Angeles sued respondent in the municipal court for her alleged unlawful detainer of apartment D-2 which she at that time occupied as tenant. They accused her of using the apartment for immoral purposes

and of housing others without the owners' consent. On April 4, 1946, the unlawful detainer action was regularly tried, resulting in a judgment of nonsuit. By her complaint herein respondent alleged that by reason of such action the tenants in the apartment house and many other persons heard of the charges which had been made against her and that by reason thereof she had been greatly injured in her good name and reputation and had suffered humiliation and mortification to her damage in the sum of $25,000; that because of the scarcity of apartments, rooms and dwelling accommodations in the city of Los Angeles, and by reason of the filing of such action by the Gawthornes, respondent became frightened and worried at the prospect that she might not be able to obtain a fit habitation in the event of her eviction; that she became sick, nervous and sleepless and lost about 10 pounds in weight between the time of the service of the summons and the trial of the detinue action.

Judgment having gone against appellant in the instant action he now contends that the findings do not support the judgment. This attack is reinforced by the fact that two findings are ostensibly contradictory, one of which, appellant contends, exonerates him from culpable tort. Finding IV-a is as follows: "That defendants caused to be disclosed to their attorney, William Ellis Lady, all facts of which the defendants or their agents had knowledge concerning plaintiff's tenancy, and thereafter acting upon the advice of said attorney, said action of unlawful detainer was verified, and filed." Because this finding declares that defendants disclosed to their attorney all the facts of which they had knowledge "concerning plaintiff's tenancy" and filed the action in reliance upon such advice, appellant contends that the judgment is without support. He cites authorities (*Levy* v. *Brannan*, 39 Cal. 485, 488; *Richter* v. *Neilson*, 11 Cal.App.2d 503, 508 [54 P.2d 54]) to establish that advice of counsel is a defense against a suit to recover for malicious prosecution "where the answer is in form of general denial." He follows such argument with the propositions (1) that in order for the plaintiff in such action to recover he must establish both malice and want of probable cause, and (2) that when he, the defendant, shows he has in good faith consulted a lawyer and has been advised that he has a good cause of action and has acted honestly upon such advice, probable cause is established and the injured party cannot thereafter recover damages on account of such prosecution, citing *Black* v.

*Knight,* 44 Cal.App. 756, 769 [187 P. 89] ; *Citizens State Bank of Long Beach* v. *Hoffman,* 44 Cal.App.2d 854, 857 [113 P.2d 211].

But appellant finds himself in the unfortunate situation whereby another finding convicts him either of a brazen disregard for the rights of his tenant or of crass recklessness in making serious charges against her. Finding VI declares that it is untrue that prior to the filing of such detainer action the Gawthornes caused to be disclosed to their attorney any facts in support of the charge that Muriel Baker had used or permitted the use of her apartment for an immoral or illegal purpose, and that neither the defendants nor their attorney had sufficient facts upon which to base the allegations "that during one year last past, said Muriel Baker has used or permitted use of said housing accommodations for an immoral or illegal purpose, in this, that she has kept and housed in said apartment D-2, overnight, at least one man over the age of eighteen years; that said man was not the lawful husband of said Muriel Baker, and that the said Muriel has kept said man in said apartment D-2 overnight for immoral purposes and not otherwise." ▆ When on the trial of an action for malicious prosecution against a defendant for having accused the plaintiff in an unlawful detainer action of having used her apartment for immoral purposes the court finds that such charges were false it cannot be successfully contended that appellant acted honestly, in good faith on the advice of counsel or that he had probable cause for filing the suit to oust respondent from her apartment when the defendant did not prove a single immoral act or any other violation of her tenancy agreement. (*Stevens* v. *Chisholm,* 179 Cal. 557, 560 [178 P. 128] ; *Hudson* v. *Zumwalt,* 64 Cal. App.2d 866, 872 [149 P.2d 457] ; *Singleton* v. *Singleton,* 68 Cal.App.2d 681, 691 [157 P.2d 886].)

The evidence abundantly supports the findings. Mrs. Goldberg, who occupied the apartment beneath that of respondent, complained to Mr. Carroll, manager of the house, that respondent had made "so much racket and noise" in her apartment three or four nights in succession. Carroll told Attorney Lady nothing more than the substance of the complaint which Mrs. Goldberg had made to him. Mrs. Bishop, who had been manager of the building until November, 1945, testified that she had the authority to and did permit respondent to have her father, her sister and her son

reside with her; that once or twice respondent had a guest, but never did entertain any men in her apartment; that her conduct was irreproachable at all times. Mr. Lady had the house shadowed by detectives but they did not detect the commission of an immoral act by respondent.

■ Such facts appellant knew or should have known and have imparted to his attorney. Having failed fully and fairly to disclose such facts to him whose legal advice he sought, appellant was not in a position successfully to plead advice of counsel as a defense. (*Hudson* v. *Zumwalt, supra,* 875; *Singleton* v. *Singleton, supra,* 695; *Gooding* v. *McAlister,* 114 Cal.App. 284, 286 [299 P. 774] ; also, see *Schubkegel* v. *Gordino,* 56 Cal.App.2d 667, 672 [133 P.2d 475].) ■ Before a person accuses another in a judicial proceeding of having committed an unlawful, a base or immoral act, it is his duty not only to make a full and fair disclosure of "all the facts within his knowledge tending to prove or disprove the criminal charge," but it is also incumbent upon him to find out all of the pertinent facts known to his own agents and such facts as are readily ascertainable and to acquaint his attorney with them. (*Schubkegel* v. *Gordino, supra.*) ■ Inasmuch as malice may be shown by proof of lack of good faith upon the part of an accuser (*Richter* v. *Neilson,* 11 Cal.App. 503, 507 [54 P.2d 54]), the latter's indifference toward the knowledge of others who have acted for him in his dealing with the accused may justify the inference of bad faith or malice. ■ Not only did appellant have no evidence of one immoral act committed by respondent in her apartment, but by a conference with Mrs. Bishop appellant might have learned the constant facts of the uprightness and regularity of respondent's conduct and would not have found himself chagrined at the trial of his lawsuit by a destitution of proof. The totality of the proof was that Mrs. Goldberg had heard noises in respondent's room all night long; it was the footsteps of a number of people. Her complaint having been reported by Mr. Carroll to appellant the latter directed him to discuss the matter with Mr. Lady. The latter employed a detective agency to check the Goldberg complaint and then drew the complaint for unlawful detainer. Although appellant knew nothing of the charges made and never discussed them with his lawyer he instructed the latter that, if satisfied with the case, he should proceed. His attorney advised him that he had evidence obtained by "a recognized detective agency" which he had employed to check on the

accusatory reports of Mrs. Goldberg. But after appellant had read the complaint's accusation of respondent's using her apartment for immoral purposes he did not attempt to ascertain whether the attorney had proof of the charge. All that was reported by the detective was that one man had remained in respondent's apartment all night. He made no attempt to learn that the visitor was respondent's son or father and reported no immoral or unlawful act by her. With no evidence of improper conduct on the part of respondent appellant filed his vicious complaint without probable cause.

From such paucity of proof of violation of her lease by respondent, the court was warranted in inferring malice on the part of appellant. (*Peebler* v. *Olds*, 71 Cal.App.2d 382, 387 [162 P.2d 953] ; *Singleton* v. *Singleton, supra*, 696.) In addition to such deduction it may reasonably have been supplemented by unfavorable inferences from the testimony of Mrs. Houck to whom, about December, 1945, Mr. Carroll stated that he would like to get respondent out of the house, and from the testimony of Mrs. Bishop that appellant had told her that the monthly rental of $40 paid by respondent was too low; that all the tenants should "be moved on and get a new set of tenants in."

Judgment affirmed.

Wilson, J., concurred.

A petition for a rehearing was denied December 11, 1947, and appellant's petition for a hearing by the Supreme Court was denied January 15, 1948.