[Civ. No. 7683.   Third Dist.   Dec. 21, 1949.]

MRS. GLADYS WALKER et al., Respondents, v. GUS JENSEN, Appellant.

E. S. Mitchell for Appellant.

Chester Monette and Francis B. Mathews for Respondents.

THOMPSON, J.—The defendant has appealed from a judgment of $500 and a similar amount as punitive damages, which was rendered against him in a suit for malicious prosecution. After consultation with his own lawyer and the district attorney of Humboldt County, the defendant filed a criminal com-

plaint in the Police Court of Eureka against Gladys Walker, under section 415 of the Penal Code, charging her with disturbing the peace. Mrs. Walker was found to be not guilty. The action for malicious prosecution was then commenced. The answer consisted of a general denial of the allegations of the complaint. A jury returned a verdict against the defendant upon a conflict of evidence. A motion for judgment notwithstanding the verdict was denied. Judgment was rendered accordingly. From that judgment this appeal was perfected.

The appellant contends the verdict and judgment are not supported by the evidence; that reliance upon the advice of counsel was a complete defense to the institution of the criminal action; that the trial judge erred in excluding evidence at the trial, and in omitting from an instruction given to the jury the definition of probable cause. The phrase ''a *suspicion* founded upon circumstances sufficiently strong to warrant a reasonable man in the belief that the charge is true'' was omitted. In support of that contention the appellant relies on *Morris* v. *Moore*, 61 Cal.App. 314, 316 [214 P. 995] ; *Green* v. *Stewart*, 106 Cal.App. 518, 526 [289 P. 940] ; *Fackrell* v. *McDonald*, 87 Cal.App. 418, 425 [262 P. 431].

The plaintiffs, Mr. and Mrs. Walker, have operated a restaurant on Broadway, in Eureka, called the ''Wagon Diner'' for a period of three years. They have four children ranging in age from 8 to 17 years. For the past year and a half the defendant has conducted a motel court on a road adjacent to plaintiffs' property and in the rear thereof. Dissensions arose between the respective parties. There is evidence of existing enmity between them. Mrs. Walker admitted calling the defendant ''a dirty s—— of a b——.'' The defendant complained of plaintiffs' children annoying his customers and injuring his business. He made several complaints to various city officers. He complained of disturbances created by the children, and of the sanitary conditions of plaintiffs' property. Some investigations were made on several occasions, but no action was taken against them.

November 1, 1947, following Halloween night, the defendant, after consulting his own attorney and upon advice of the district attorney, filed, under section 415 of the Penal Code, a criminal action in the Police Court of Eureka against plaintiff Gladys Walker for disturbing the peace. After trial before the police judge, the defendant was found not guilty. This suit for malicious prosecution of that criminal case was

then commenced. The appellant is mistaken in assuming that the evidence of the alleged disturbance of the peace was confined to plaintiffs' children. There is direct and positive proof that Mrs. Walker was present and participated in the disturbance. It is true that defendant had previously complained to the police officers of disturbances on the part of the children as well as of Mrs. Walker. It is also true that the officers had previously warned Mrs. Walker and the children against such disturbances. Mr. Jensen testified that on October 31st, about 6:30 p. m., when the demand for motor court accommodations was usually active, and while he was showing a prospective renter his apartments, seven or eight children assembled on the sidewalk adjacent to the entrance to his property and engaged in "loud, hostile and vicious" language, which disturbed the peace and injured his business; that he notified the police officers, and that three of the officers visited the premises, and one of the officers then warned the children and Mrs. Walker.

With respect to Mrs. Walker's presence at the time of the disturbance, the defendant testified that she was present talking to the children, "She stood at the same spot." He said that two of the Walker girls had warned him of "What was going to happen Halloween"; that on Halloween night "after the police left, and after the police had given their second warning in two nights," Mrs. Walker approached the defendant and addressed him in a loud, boisterous and offensive manner. He testified she "called me names and shouted," so it could be heard "all over the back of the property, in the guest rooms and in our own apartment upstairs," saying, "I was a dirty old goat, . . . the meanest snake in Eureka," and that ",I was crazy and should be in an insane asylum." He was asked if those statements were made in a conversational tone of voice, and he replied, "Loud, loud, hostile, vicious." In reply to an inquiry, he said the accusations could be heard within 35 or 40 feet. In fact, Mrs. Jensen and a motel guest by the name of Mrs. Cobbs came out to see what the disturbance was about.

It appears in this action for malicious prosecution that before the defendant filed a complaint against Mrs. Walker in the police court, he first consulted with his attorney, Mr. Milton Huber, who advised him that he had a good cause of action for disturbing the peace, and suggested consulting the District Attorney of Humboldt County. The defendant, accompanied by two of his guests, Mr. and Mrs. Cobbs, consulted the

district attorney. That officer examined them in detail regarding the alleged disturbance of the peace which occurred the previous evening. At the trial of the action for malicious prosecution, the defendant testified that he stated to the district attorney "all that happened," in exact accordance with his testimony given in the malicious prosecution trial. He said he told the attorney of the prior complaints and discussions with the Walkers. When he was asked, "You have testified to nothing here today which was not revealed to your attorney on those occasions, Mr. Jensen?" he replied, "That's correct." After the complainant and his guests were examined, the defendant asked the attorney "whether or not something could be done about it?" and the attorney advised him that there were "sufficient grounds with which to file a disturbing of the peace complaint." The district attorney, after fully examining the complainants, called in his stenographer and dictated the complaint in the identical form in which it was filed. It charged Mrs. Walker with disturbing the peace by wilfully, unlawfully and maliciously "making loud and unusual noises, by tumultuous and offensive conduct and by the use of rude and opprobrious names." The district attorney handed the complaint to the defendant with instructions to swear to it and file it in the police court, which he did. The district attorney prosecuted that criminal action. It was tried before the police judge, and Mrs. Walker was acquitted.

Neither the defendant's attorney, Milton Huber, nor the district attorney, was called or sworn in the suit for malicious prosecution to ascertain what facts the defendant related to them. Mr. Huber represented the defendant in the last mentioned case, and was present in the courtroom during the trial. It appears to be an important omission from the statements made to counsel that on numerous occasions the defendant had complained to various city officers of the disturbances by the Walker family and of sanitary conditions of their premises, and that, upon investigations, the officers invariably failed to take action. The defendant failed to show that he made any such statement to the attorneys. It would appear that a full and fair statement of material facts would require the disclosure to the attorneys of those numerous alleged disturbances of defendant's peace and the officers' refusal to take action. In fact, several officers testified at the trial of the malicious prosecution action that numerous complaints were made by the defendant, and several investigations

followed, but that they failed to find evidence of any violation of the law. The officers gave the impression that they considered the complaints to be trivial and without merit. If the attorneys had been informed of those fruitless investigations of prior complaints, they might have concluded that the defendant was not in good faith, or that he might have been inspired by animosity or malice, or that there was not probable cause to believe that Mrs. Walker was guilty of disturbing the peace.

■ When there is a conflict of evidence, as there appears to be in the present case, as to whether the defendant, in good faith, made a full and fair statement of all material facts to his attorney, the questions of the good faith of the defendant and of the presence or absence of malice should be submitted to the jury under proper instructions. (*Green* v. *Stewart, supra*; *Moore* v. *Durrer,* 127 Cal.App. 759, 768 [16 P.2d 676].) In this case we must assume the jury found against the defendant on both of those issues.

■ It is true that numerous authorities in California and elsewhere support the rule that in defense of an action of malicious prosecution, where the defendant solicits the advice of an attorney, and makes a full and fair statement of all material facts with respect to an alleged criminal charge, and *in good faith,* accepts the advice of counsel that he has a meritorious cause, it must be presumed he has "made out a complete defense to the action." (16 Cal.Jur. § 11, p. 741.)

■ It has been frequently said that showing refutes the contention that the defendant, in the malicious prosecution action, lacked probable cause for instituting the criminal action, and also disproves the charge of malice, which is a necessary prerequisite to liability in a malicious prosecution action. The rule is peculiarly applicable when the advice of a regularly elected prosecuting officer of a state or county is sought and relied upon, since it is his official duty to enforce the criminal statutes in the interest of public welfare. (34 Am.Jur. § 72, p. 748.) It is, however, true that the advice of counsel must be sought *in good faith* and not as a mere cloak to protect one against a suit for malicious prosecution or to refute the theory of malice. (54 C.J.S. § 51, p. 1017.)

■ It follows that when the advice of counsel is not sought in good faith, it affords no defense to a suit for malicious prosecution, particularly when material facts have been omitted from the statement made to counsel. ■ The jury was fully and fairly instructed in this case upon the issues of

good faith, malice, probable cause for prosecuting the criminal case, and reliance on the advice of counsel, as defenses. We must assume the jury determined that the defendant was not in good faith in accepting the advice of his attorneys, or in prosecuting the criminal charge of disturbing the peace against Mrs. Walker. Since there is a conflict of evidence upon those issues, we are not at liberty to set aside the verdict or judgment on those grounds.

In a suit for malicious prosecution the burden is on the plaintiff to prove that the defendant prosecuted the criminal charge maliciously and without probable cause, or that he was not in good faith in so doing. It has been held that the defense of reliance upon the advice of counsel may be shown under a general denial of the complaint. (*Levy* v. *Brannan,* 39 Cal. 485; *Richter* v. *Neilson,* 11 Cal.App.2d 503, 508 [54 P.2d 54]; *Baker* v. *Gawthorne,* 82 Cal.App.2d 496, 498 [186 P.2d 981]; *Stephens* v. *Conley,* 48 Mont. 352 [138 P. 189, 193, Ann.Cas. 1915D 958]; 16 Cal.Jur. § 13, p. 744, at 746; 34 Am.Jur. § 118, p. 773.)

The appellant asserts that the court erred in sustaining plaintiffs' objection to the question, ''Will you state what you said and what your attorney responded.'' We may assume that question was intended to elicit from the defendant what he stated to his attorney to show that he made a full and fair statement of all material facts. It was competent evidence. The court inadvertently sustained the objection. The judge said, ''If he testifies that he made a disclosure to his attorney, I don't think you have to go into the various phases of that disclosure.'' Defendant's attorney thereupon withdrew the question. Defendant's attorney did not renew that question, nor thereafter offer or seek to prove what the defendant said to his attorney, except to ask him if he told the attorney all that he had testified to at this trial, which he had. But he did not testify that upon his numerous complaints to the public officers they had investigated the charges and refused to take action because they found no violation of the law. Moreover, the preceding question related only to what the defendant related to his attorney, Milton Huber. No similar question was asked with relation to what he told the district attorney. The record contains no evidence or offer to prove what facts the defendant stated to the district attorney. We think the defendant may not complain, under the circumstances of this case, of having been deprived of showing just what he related to his attorneys.

■ The defendant charges the court with erroneously instructing the jury with respect to the term "probable cause." It is contended the definition should have informed the jury that probable cause may be based upon "a *suspicion* founded upon circumstances sufficiently strong to warrant a reasonable man in the belief that the charge is true." (Italics added.) (*Morris* v. *Moore,* 61 Cal.App. 314 [214 P. 995].) We are convinced the court did not err in omitting from the challenged instruction the foregoing quoted language. It will be observed that the "suspicion" which may warrant one in assuming there is probable cause of guilt, *must be "founded upon circumstances sufficiently strong to warrant a reasonable man"* to believe the accused is guilty. It is the existing circumstances, after all, which must determine the question of probable cause, and not a mere suspicion. A mere suspicion may be founded on fallacy and not facts, or even upon rumor. Funk and Wagnalls New College Standard Dictionary defines "suspicion" as, "Conjecture; doubt; mistrust; imagining something wrong without proof or clear evidence." The word "suspicion," as it is used in the Morris case, *supra,* is clearly modified by the language which follows it. It is sufficient only when it is founded on facts or circumstances which would warrant a reasonable person in believing the accused had violated the law. The instructions which were given to the jury on that subject definitely and repeatedly charged the jury to the same effect. We are convinced the jury could not have been misled by the omission of the word "suspicion." The instruction, in our opinion, was not erroneous. Certainly it was not reversible error. The jury was elsewhere charged that:

"If you believe from the evidence that the defendant, when he instituted the prosecution complained of, honestly believed that the plaintiffs were guilty of an offense against the law of this state *and that his belief was founded on a knowledge of circumstances tending to show such guilt and would sufficiently induce in the mind of an ordinarily prudent and reasonable man the belief in such guilt, then such belief on the part of the defendant negatives the idea of the want of probable cause.*" (Italics added.)

In the following instruction the jury was charged:

"I instruct the jury that *probable cause does not depend upon the actual state of the case in point of fact, but upon the honest and reasonable belief of the party prosecuting*; and the question of whether there was a probable cause must

be determined from the facts as they existed and appeared to the party prosecuting at the time he brought the action." (Italics added.)

Likewise the next instruction charged the jury as follows:

"I instruct the jury that good faith and lack of malice constitute a complete defense to a suit for malicious prosecution. No matter what may have prompted the suit upon which the action for malicious prosecution is based, no matter how causelessly such action was commenced, and *no matter how badly mistaken the defendant may have been in believing that he was justified in bringing the action, if he did really act in good faith and without malice in bringing the action he cannot be made liable for malicious prosecution.*" (Italics added.)

The jury was fully and fairly instructed on all the essential issues of this case. We find no prejudicial error in the charge to the jury.

Moreover, the transcript on appeal fails to show which party offered the challenged instructions. Upon motion of plaintiffs under rule 12 of Rules on Appeal, augmentation of the record was granted, from which it appears that the instructions complained of in Point Ten of appellant's opening brief were in fact offered by the defendant.

It is the established rule that appellant may not predicate error on alleged erroneous or prejudicial instructions which were offered at his own request. (*Murray* v. *Kunde,* 91 Cal. App. 440, 445 [267 P. 158].) And as the Supreme Court said in *Deevy* v. *Tassi,* 21 Cal.2d 109, 124 [130 P.2d 389]:

". . . In any event, even if it were held that the instructions complained of were erroneously given, that error would not be available to defendants, as on the record we must presume that such instructions were given at defendants' request. [Citing authorities.]"

The judgment is affirmed.

Adams, P. J., and Peek, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 16, 1950.