[No. D013582. Fourth Dist., Div. One. Feb. 25, 1991.]

STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.,
Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
JOHNSON KINSEY, INC., et al., Real Parties in Interest.

**COUNSEL**

Hughes & Campbell, William D. Hughes, Raymond A. Patenaude, Horvitz & Levy, Barry R. Levy and Christine T. Hoeffner for Petitioner.

No appearance for Respondent.

Richard P. Verlasky for Real Parties in Interest.

**OPINION**

**KREMER, P. J.**—Petitioner State Farm Mutual Automobile Insurance Company (State Farm) seeks a writ of mandate to vacate the order of respondent superior court excluding all evidence of State Farm's advice of

counsel defense to a claim of insurance bad faith alleged by real parties in interest Johnson Kinsey, Inc., Edward Allen Wenz, Jr., Mary L. Johnson, Paul Kinsey, James M. Johnson, Blake Bowen, and Dorothy Haight (collectively Johnson Kinsey). The court excluded the evidence on the ground State Farm had failed to specifically plead advice of counsel in its answer and thus Johnson Kinsey would be unprepared to respond to it. We conclude the defense of reliance on advice of counsel to a claim of insurance bad faith may be shown under a general denial of the complaint and accordingly grant the petition.

### FACTUAL AND PROCEDURAL BACKGROUND

On October 10, 1983, Edward Wenz, Jr., was driving a van owned by his employer, Johnson Kinsey, Inc., when he struck the rear of a vehicle driven by Dorothy Haight. The van was insured by State Farm. On December 28, 1983, State Farm filed a complaint for declaratory relief against Johnson Kinsey, claiming the driver exclusion endorsement in the State Farm automobile policy excluded Wenz from coverage.[1] Johnson Kinsey then filed a cross-complaint against State Farm, alleging breach of the implied covenant of good faith and fair dealing, fraud, and bad faith under Insurance Code section 790.03 and seeking both compensatory and punitive damages. In its answer to the cross-complaint, State Farm generally denied the allegations.

The court ordered the declaratory relief and bad faith actions to be tried separately. After trial in the declaratory relief action, the court found no insurance coverage under the State Farm policy, reasoning Wenz was not hired to drive as that term is used in Insurance Code section 670. However, on appeal, this court reversed, holding Wenz was hired to drive within the meaning of Insurance Code section 670 even though he was not principally a driver and even though he was driving home at the time of the accident after running a personal errand. (*State Farm Mut. Auto. Ins. Co.* v. *Haight* (1988) 205 Cal.App.3d 223, 244 [252 Cal.Rptr. 162].)[2]

Before trial in the bad faith action, Johnson Kinsey filed a motion *in limine* to exclude all evidence of State Farm's advice of counsel defense based in part on State Farm's failure to affirmatively allege it in its answer. The court granted the motion and this writ proceeding followed.[3]

---

[1] Wenz had received four speeding tickets while driving his own vehicle on his own time.

[2] In so holding, this court rejected State Farm's claim that Insurance Code section 670 applies only to policies issued after there has been an accident and after a person involved in the accident seeks to submit proof of ability to respond in damages. (*State Farm Mut. Auto. Ins. Co.* v. *Haight, supra*, 205 Cal.App.3d at p. 231.)

[3] We issued a stay of the trial on December 24, 1990, pending a response by Johnson Kinsey and disposition of the matter by this court.

## DISCUSSION

■ An insurer may defend itself against allegations of bad faith and malice in claims handling with evidence the insurer relied on the advice of competent counsel. (*Merritt* v. *Reserve Ins. Co.* (1973) 34 Cal.App.3d 858, 872 [110 Cal.Rptr. 511]; *Davy* v. *Public National Ins. Co.* (1960) 181 Cal.App.2d 387, 396 [5 Cal.Rptr. 488]; *Fox* v. *Aced* (1957) 49 Cal.2d 381, 385 [317 P.2d 608]; *Beck* v. *State Farm Mut. Auto. Ins. Co.* (1976) 54 Cal.App.3d 347, 355-356 [126 Cal.Rptr. 602].) The defense of advice of counsel is offered to show the insurer had "proper cause" for its actions even if the advice it received is ultimately unsound or erroneous. (See Kornblum et al., Cal. Practice Guide, Bad Faith (1990) § 10.98, pp. 10-29, 10-30.) "If the insurer has exercised good faith in all of its dealings under its policy, and if the settlement which it has rejected has been fully and fairly considered and has been based upon an honest belief that the insurer could defeat the action or keep any possible judgment within the limits of the policy, and its judgments are based on a fair review of the evidence after reasonable diligence in ascertaining the facts, and upon sound legal advice, a court should not subject the insurer to further liability if it ultimately turns out that its judgment is a mistaken judgment . . . ." (*Brown* v. *Guarantee Ins. Co.* (1957) 155 Cal.App.2d 679, 684 [319 P.2d 69, 66 A.L.R.2d 1202].)

■ Under Code of Civil Procedure section 431.30, subdivision (b)(2), the answer to a complaint must include "[a] statement of any new matter constituting a defense." The phrase "new matter" refers to something relied on by a defendant which is not put in issue by the plaintiff. (*Shropshire* v. *Pickwick Stages, Northern Division* (1927) 85 Cal.App. 216, 219 [258 P. 1107].) Thus, where matters are not responsive to essential allegations of the complaint, they must be raised in the answer as "new matter." (*Rancho Santa Margarita* v. *Vail* (1938) 11 Cal.2d 501, 543 [81 P.2d 533].) Where, however, the answer sets forth facts showing some essential allegation of the complaint is not true, such facts are not "new matter," but only a traverse. (*Goddard* v. *Fulton* (1863) 21 Cal. 430, 436.)

■ State Farm contends the defense of advice of counsel is not "new matter" and thus it need not be specifically pleaded in the answer. We agree. In response to a plaintiff's allegations of bad faith and malice, a defendant is entitled to show it acted reasonably and with proper cause based on the advice of its counsel. Good faith reliance on counsel's advice simply negates allegations of bad faith and malice as it tends to show the insurer had proper cause for its actions. Because advice of counsel is

directed to an essential element of a plaintiff's cause of action, it does not constitute new matter and need not be specifically alleged.

In support of its argument advice of counsel is an affirmative defense which must be specifically pleaded, Johnson Kinsey cites *Bertero* v. *National General Corp.* (1974) 13 Cal.3d 43 [118 Cal.Rptr. 184, 529 P.2d 608, 65 A.L.R.3d 878] (*Bertero*).) In *Bertero*, a jury awarded plaintiff damages for the malicious prosecution of defendants' cross-complaint. On appeal, defendants argued the judgment should be vacated because clear and uncontradicted evidence established their cross-complaint was filed pursuant to advice of counsel after the full disclosure of all relevant facts. (*Bertero* at p. 53.) While acknowledging advice of counsel is a defense to an action for malicious prosecution, the court noted counsel's advice must be sought in good faith and " 'not as a mere cloak to protect one against a suit for malicious prosecution.' [Citation.]"[4] (*Id.* at p. 54.) The court further noted "[t]he burden of proving this affirmative defense is, of course, on the party seeking to benefit by it. [Citations.]" (*Ibid.*)

Although the court in *Bertero* referred to advice of counsel as an affirmative defense, it did not address the issue of whether that defense must be specifically alleged in an answer. Indeed, in *Levy* v. *Brannan* (1870) 39 Cal. 485, also a malicious prosecution case, the court did address this issue and held evidence of advice of counsel "is directly responsive to the evidence introduced by the plaintiffs to show the want of probable cause and does not constitute new matter within the sense of the Code." (*Id.* at pp. 488-489; accord *Richter* v. *Neilson* (1936) 11 Cal.App.2d 503, 508 [54 P.2d 54] [advice of counsel defense may be interposed and proved under the general issue]; *Walker* v. *Jensen* (1949) 95 Cal.App.2d 269, 275 [212 P.2d 569] [defense of advice of counsel may be shown under a general denial of the complaint].)

Johnson Kinsey attempts to distinguish *Levy, Richter* and *Walker* on the ground they are malicious prosecution cases based on a criminal charge. ■ However, we see no significant distinction between malicious prosecution cases and insurance bad faith cases in the pleading context presented here.[5] In a malicious prosecution action, the plaintiff must prove (1) the

---

[4] In so holding, the court in *Bertero* at page 54 cited *Walker* v. *Jensen* (1949) 95 Cal.App.2d 269 [212 P.2d 569], which held the defense of advice of counsel may be shown under a general denial of the complaint.

[5] Moreover, Johnson Kinsey's attempt to distinguish civil and criminal malicious prosecution actions likewise fails. A malicious prosecution action can either be the malicious institution of a civil proceeding or the unjustifiable institution of criminal litigation. In either event, the basic elements are the same. (*Hudson* v. *Zumwalt* (1944) 64 Cal.App.2d 866, 872 [149 P.2d 457].)

underlying suit was commenced at the direction of the defendant and pursued to a legal termination in the plaintiff's favor; (2) the defendant filed the underlying suit without probable cause; and (3) the suit was initiated with malice. (*Sheldon Appel Co.* v. *Albert & Oliker* (1989) 47 Cal.3d 863, 871 [254 Cal.Rptr. 336, 765 P.2d 498].) ▮ Similarly, the plaintiff in an insurance bad faith action must prove the defendant acted "without proper cause" (*Gruenberg* v. *Aetna Ins. Co.* (1973) 9 Cal.3d 566, 574 [108 Cal.Rptr. 480, 510 P.2d 1032] [compensatory damages]), and with malice. (*Neal* v. *Farmers Ins. Exchange* (1978) 21 Cal.3d 910, 922 [148 Cal.Rptr. 389, 582 P.2d 980] [punitive damages].) Thus, just as advice of counsel need not be affirmatively alleged in a malicious prosecution action as a defense to the elements of lack of probable cause and malice, an insurer is not required to affirmatively allege advice of counsel as a defense to allegations of lack of proper cause and malice in an insurance bad faith action. (See also *Clemco Industries* v. *Commercial Union Ins. Co.* (N.D.Cal. 1987) 665 F.Supp. 816, 830, affd. 848 F.2d 1242 [court believed defense of reliance on counsel to claim of insurance bad faith did not require affirmative pleading under Federal Rules of Civil Procedure].)

Johnson Kinsey further argues policy considerations require advice of counsel be affirmatively alleged so that an insurer cannot claim the attorney-client privilege during discovery and later waive it at trial in order to introduce evidence of advice of counsel. ▮ However, a plaintiff in an insurance bad faith case has the right to conduct discovery to obtain facts and theories, including advice of counsel, on which the denial of liability is based. The defense of advice of counsel generally waives the attorney-client privilege as to communications and documents relating to the advice. (*Transamerica Title Ins. Co.* v. *Superior Court* (1987) 188 Cal.App.3d 1047, 1053 [233 Cal.Rptr. 825].) No policy or other reason exists to preclude an insurer from offering evidence of advice of counsel simply because a plaintiff fails to request information concerning that defense during discovery.

### DISPOSITION

An alternative writ or order to show cause would add nothing to the presentation. A peremptory writ is proper. (Code Civ. Proc., § 1088; *United Nuclear Corp.* v. *Superior Court* (1980) 113 Cal.App.3d 359 [169 Cal.Rptr. 827]; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165].)

Let a peremptory writ of mandate issue directing the superior court to permit State Farm to offer evidence pertaining to its advice of counsel

defense. The stay issued by this court is vacated.

Work, J., and Benke, J., concurred.