**T.G.S. TRANSPORTATION, INC.,**
**Plaintiff—Appellant,**

v.

**CANAL INSURANCE COMPANY,**
**Defendant—Appellee.**

No. 02–16494.

D.C. No. CV–00–06797–REC(SMM).

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 7, 2003.

Decided Oct. 21, 2003.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

William T. McLaughlin and Timothy R. Sullivan, Dowling Aaron & Keeler, Fresno, CA, for Plaintiff–Appellant.

James H. Wilkins, Wilkins, Drolshagen & Czeshinski, Fresno, CA, for Defendant–Appellee.

Before PREGERSON, BEAM,* and PAEZ, Circuit Judges.

## MEMORANDUM**

This case arises out of the theft of cargo from appellant T.G.S. Transportation, Inc. ("TGS"). TGS claims that its Motor Truck Cargo Policy (the "policy"), issued by defendant Canal Insurance Company ("Canal"), covers the stolen cargo. The district court granted Canal's summary judgment motion and denied TGS's. The district court found that the policy did not cover the cargo and that, therefore, TGS's related claims for bad faith and punitive damages must also be rejected. We reverse and remand.

The plain language of the policy states only that the trailer must be physically attached to a scheduled tractor for the cargo to be covered. The "loss" of the cargo, for purposes of the policy, occurred at the time the thief attached the scheduled tractor to the trailer and removed the cargo from the lot. Therefore, we conclude that the trailer was physically attached to a scheduled tractor at the time of the loss. The policy does not limit coverage to circumstances in which a particular person attaches the trailer to the tractor. At best this creates an ambiguity as to how the trailer must be attached. Under California law, this ambiguity must be construed against Canal as the insurer and the drafter of the contract. *See Blue Ridge Ins. Co. v. Stanewich,* 142 F.3d 1145, 1147 (9th Cir.1998) ("Words used in an insurance policy are to be interpreted according to the plain meaning that a layperson would attach to them. A policy is ambiguous if it is capable of two or more reasonable constructions. Any ambiguities are to be resolved against the insurer." (citations omitted)); *see also In re Emery,* 317 F.3d 1064, 1070 (9th Cir.2003) (holding that under California law, ambiguous contract language must be construed against the drafter); *Conestoga Servs. Corp. v. Executive Risk Indem., Inc.,* 312 F.3d 976, 981 (9th Cir.2002) (" '[W]hile insurance contracts have special features, they are still contracts to which the ordinary rules of contractual interpretation apply.' ") (quoting *La Jolla Beach & Tennis Club, Inc. v. Indus. Indem. Co.,* 9 Cal.4th 27, 37, 36 Cal.Rptr.2d 100, 884 P.2d 1048 (1994)).

It was objectively reasonable for TGS to believe that the cargo in the trailer would be covered if attached to a scheduled vehi-

---

* The Honorable C. Arlen Beam, Senior United States Circuit Judge for the Eight Circuit, sitting by designation.

cle irrespective of the manner in which the trailer was attached to the tractor. In determining that a thief cannot create coverage, the district court impermissibly construed the coverage clause narrowly, essentially reading a limitation into the policy. *See Homedics, Inc. v. Valley Forge Ins. Co.,* 315 F.3d 1135, 1140 (9th Cir.2003) (stating that insurance policies should be construed so as to be consistent with the insured's " 'objectively reasonable expectations.' ") (quoting *Bank of the West v. Superior Court,* 2 Cal.4th 1254, 1265, 10 Cal.Rptr.2d 538, 833 P.2d 545 (1992)); *Am. Nat'l Prop. & Cas. Co. v. Julie R.,* 76 Cal.App.4th 134, 143, 90 Cal.Rptr.2d 119 (1999) (explaining that coverage clauses are to be interpreted broadly " 'so as to afford the greatest possible protection to the insured . . . .' ") (quoting *State Farm Mut. Auto. Ins. Co. v. Partridge,* 10 Cal.3d 94, 101, 109 Cal.Rptr. 811, 514 P.2d 123 (1973)). Therefore, we reverse the district court's ruling on TGS's breach of contract claim.

Because the district court granted summary judgment against TGS on the coverage issue, it did not address the merits of TGS's claims of bad faith and punitive damages. Under these circumstances, we remand these claims to the district court so that it may address these issues in the first instance.

**REVERSED AND REMANDED.**