**T.G.S. TRANSPORTATION, INC., Plaintiff–Counter–Defendant–Appellant,**

v.

**CANAL INSURANCE CO., Defendant–Counter–Claimant–Appellee.**

No. 05–15067.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 8, 2006.

Filed Jan. 8, 2007.

William T. McLaughlin, Timothy R. Sullivan, McLaughlin Sullivan LLP, Fresno, CA, for Plaintiff–Counter–Defendant–Appellant.

James H. Wilkins, Esq., Alyson Berg, Wilkins, Drolshagen & Czeshinski, Fresno, CA, for Defendant–Counter–Claimant–Appellee.

Before: NOONAN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM *

T.G.S. Transportation, Inc. ("T.G.S.") appeals an award of summary judgment to Canal Insurance Co., ("Canal") on bad faith and punitive damages claims stemming from Canal's refusal to pay a claim for stolen cargo. We previously held that Canal's interpretation of its policy was incorrect and remanded for further proceedings. *T.G.S. Transp., Inc., v. Canal Ins. Co.*, 78 Fed.Appx. 637 (9th Cir.2003). The district court then granted summary judgment on the bad faith and punitive damages in favor of Canal, finding that a "genuine dispute" had existed over whether the policy covered uninsured trailers attached to insured tractors by thieves; and that Canal had reasonably relied on advice of counsel in making its coverage decision. We now hold that Canal's denial of coverage, though erroneous, was not unreasonable. We therefore affirm the judgment of the district court.

The policy insured the theft of cargo from any "scheduled vehicle" that was de-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

fined, in relevant part, as any trailer attached to a scheduled tractor. It is undisputed that a thief, and not T.G.S., attached the trailer from which the cargo was stolen to the scheduled tractor. It was not unreasonable for Canal to believe that its policy did not cover "scheduled vehicles" created by thieves.

No controlling California case law existed to refute its reasoning. Similar interpretations were supported by case law in other jurisdictions. The district court was also originally persuaded by this reasoning. Canal's conclusion was a reasonable one. *See Morris v. Paul Revere Life Ins. Co.,* 109 Cal.App.4th 966, 976, 135 Cal. Rptr.2d 718 (2003) ("The fact that other courts have interpreted the law in the same manner as did the insurer ... is certainly probative of the reasonableness, if not necessarily the ultimate correctness, of an insurer's position.")

Canal also reasonably relied on advice of counsel in deciding to deny T.G.S.'s claim. *State Farm Mut. Auto. Ins. Co. v.Super. Ct.,* 228 Cal.App.3d 721, 725, 279 Cal.Rptr. 116 (1991) (An insurance company's good faith reliance on advice of counsel negates allegations of bad faith). Making what we have held to be a mistake, but nonetheless making a reasonable judgment, Canal cannot be liable for damages for a bad faith denial of TGS' claim. *Tomaselli v. Transamerica Ins. Co.,* 25 Cal.App.4th 1269, 1280–81, 31 Cal.Rptr.2d 433 (1994) ("The mistaken withholding of policy benefits, if reasonable ..., does not expose the insurer to bad faith liability.").

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.