**Jose AYALA, Plaintiff,**

v.

**INFINITY INSURANCE COMPANY, Defendant.**

**No. CV 09–3744 RSWL.**

United States District Court, C.D. California.

May 6, 2010.

Daniel M. Dembicer, Law Office of Daniel Dembicer, Daniel A. Reisman, Reisman & Reisman, Los Angeles, CA, for Plaintiff.

Josiah N. Drew, Peter H. Klee, Luce Forward Hamilton & Scripps LLP, San Diego, CA, for Defendant.

ORDER Re: Defendant's Motion for Partial Summary Judgment [16]

RONALD S.W. LEW, Senior District Judge.

On May 5, 2010, Defendant's Motion for Partial Summary Judgment came on for regular calendar before this Court. Plaintiff, Jose Ayala, appeared through his counsel of record, Daniel Reisman. Defendant, Infinity Insurance Company, appeared through its counsel of record, Josiah Drew. The Court having reviewed all papers submitted pertaining to this Motion and having considered all arguments pre-

sented to the Court, **NOW FINDS AND RULES AS FOLLOWS:**

### 1. Legal Standard

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). A genuine issue is one in which the evidence is such that a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The evidence, and any inferences based on underlying facts, must be viewed in a light most favorable to the opposing party. *Diaz v. American Tel. & Tel.,* 752 F.2d 1356, 1358 n. 1 (9th Cir.1985).

Where the moving party does not have the burden of proof at trial on a dispositive issue, the moving party may meet its burden for summary judgment by showing an "absence of evidence" to support the non-moving party's case. *Celotex v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).

The non-moving party, on the other hand, is required by Fed.R.Civ.P. 56(e) to go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *Id.* at 324, 106 S.Ct. at 2553. Conclusory allegations unsupported by factual allegations, however, are insufficient to create a triable issue of fact so as to preclude summary judgment. *Hansen v. United States,* 7 F.3d 137, 138 (9th Cir.1993)(citing *Marks v. Department of Justice,* 578 F.2d 261, 263 (9th Cir.1978)). A non-moving party who has the burden of proof at trial must present enough evidence that a "fair-minded jury could return a verdict for the [opposing party] on the evidence presented." *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505.

The moving party has no burden to negate or disprove matters on which the opponent will have the burden of proof at trial. In fact, the moving party need not produce any evidence at all on those matters. *Celotex,* 477 U.S. 317, 106 S.Ct. 2548, 2554 (1986).

Upon a showing that there is no genuine issue of material fact as to a particular claim or defense, the court may grant summary judgment in the party's favor "upon all or any part thereof." Fed.R.Civ.P. 56(a)(b).

In ruling on a motion for summary judgment, the Court's function is not to weigh the evidence, but only to determine if a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### 2. Analysis

The Court finds that there is no triable issue of material fact as to Plaintiff's second cause of action for breach of covenant of good faith and fair dealing. First, a genuine dispute exists about whether Plaintiff's claim was legitimate that precludes a finding of bad faith. Second, Defendant reasonably relied on the opinion of outside counsel in reaching its decision to deny Plaintiff's claim.

#### a. Genuine Dispute

"An insurer's denial of or delay in paying benefits gives rise to tort damages only if the insured shows the denial or delay was unreasonable." *Frommoethelydo v. Fire Ins. Exchange,* 42 Cal.3d 208, 214–15, 228 Cal.Rptr. 160, 721 P.2d 41 (1986). However, an insurer is not liable in bad faith where the denial or delay is "due to the existence of a genuine dispute with its insured as to the existence of coverage liability." *Chateau Chamberay Homeowners Assn. v. Associated Int'l Ins. Co.,* 90 Cal.App.4th 335, 347, 108 Cal. Rptr.2d 776 (2001).

Where there is a genuine dispute, it does not "relieve an insurer from its obligation to thoroughly and fairly investigate and evaluate the insured's claim." *Wilson v. 21st Century Ins. Co.*, 42 Cal.4th 713, 723, 68 Cal.Rptr.3d 746, 171 P.3d 1082 (2007). Moreover, the genuine dispute rule does not alter the standards for reviewing motions for summary judgment. *Id.* at 724, 68 Cal.Rptr.3d 746.

> "The genuine issue rule in the context of bad faith claims allows a [trial] court to grant summary judgment when it is undisputed or indisputable that the basis for the insurer's denial of benefits was reasonable—for example, where even under the plaintiff's version of the facts there is a genuine issue as to the insurer's liability under California law. On the other hand, an insurer is not entitled to judgment as a matter of law where, viewing the facts in the light most favorable to the plaintiff, a jury could conclude that the insurer acted unreasonably."

*Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1161 (9th Cir.2002).

Therefore, "an insurer is entitled to summary judgment based on a genuine dispute over coverage ... where the summary judgment record demonstrates the absence of triable issues as to whether the disputed position upon which the insurer denied the claim was reached reasonably and in good faith." *Wilson*, 42 Cal.4th at 724, 68 Cal.Rptr.3d 746, 171 P.3d 1082.

One such instance where a court can determine as a matter of law that an insurer's actions were reasonable is "relying on the advice and opinions of independent experts." *Id.* at 348, 108 Cal.Rptr.2d 776 (citing *Fraley v. Allstate Ins. Co.*, 81 Cal.App.4th 1282, 1293, 97 Cal.Rptr.2d 386 (2000)). However, "an expert's testimony will not automatically insulate an insurer from a bad faith claim" if the investigation itself was biased. *Id.*

The Court finds that Defendant's retention of an independent expert, which conducted the forensic analysis, demonstrates a thorough and reasonable investigation by Defendant. Furthermore, the recommendation of the independent expert, North American Technical & Forensic Services, reasonably provided Defendant with a genuine dispute as to whether Plaintiff's claim was a covered event under the policy.

The Court finds that Defendant's review of the expert report, coupled with the coverage recommendation letter and Plaintiff's deposition statements, led Defendant to the reasonable conclusion that a genuine dispute existed. Therefore, the Court finds that the totality of the circumstances gave rise to a genuine dispute as to coverage under Plaintiff's policy.

Plaintiff's Opposition fails to persuade this Court that Defendant's conclusion was unreasonable or made in bad faith. Plaintiff fails to dispute any fact upon which Defendant's investigation was based. Plaintiff's argument as to the alleged misstatements in deposition fail to establish a genuine issue of material fact as to Defendant's reasonableness in its investigation.

Therefore, Plaintiff fails to advance a meritorious argument against Defendant's genuine dispute argument. On balance, to grant summary judgment, this Court must find that the genuine dispute as to coverage was reasonable. *See Wilson*, 42 Cal.4th at 723, 68 Cal.Rptr.3d 746, 171 P.3d 1082. "A genuine dispute exists only where the insurer's position is maintained in good faith and on reasonable grounds." *Id.*

Here, the Court finds that Defendant performed an extensive investigation into Plaintiff's claim for coverage. Defendant dutifully investigated, retained outside counsel to provide a coverage opinion, retained NATS to conduct an independent,

forensic examination and concluded that there was a dispute as to coverage. The underlying facts to support the investigation are not in dispute and Plaintiff has failed to provide any facts to the contrary. Therefore, the Court finds that a genuine dispute did in fact exist in this instance.

As such, Defendant's Motion for Partial Summary Judgment is **GRANTED** because it is "indisputable that the basis for the insurer's denial of benefits was reasonable." *Amadeo*, 290 F.3d at 1161–62.

### b. *Outside Counsel*

■■■ "An insurer may defend itself against allegations of bad faith and malice in claims handling with evidence the insurer relied on the advice of competent counsel." *State Farm Mut. Auto. Ins. Co. v. Superior Court*, 228 Cal.App.3d 721, 725, 279 Cal.Rptr. 116 (1991). The use of competent counsel may be used to "show the insured had 'proper cause' for its actions even if the advice it received is ultimately unsound or erroneous." *Id.*

Here, Defendant retained outside counsel to provide a coverage recommendation for Plaintiff's claim. After review of Plaintiff's examination transcripts and the policy, counsel wrote a coverage opinion and recommendation letter to Defendant in which he recommended denying the claim.

■■■ Defendant's retention of outside counsel indicates good faith which "implies honesty, fair dealing and full revelation." *Davy v. Public Nat'l Ins. Co.*, 181 Cal.App.2d 387, 396, 5 Cal.Rptr. 488 (1960). Moreover, an insurer acts in good faith where it is "acting upon the opinion of a reasonably qualified legal advisor." *Id.*

Therefore, Defendant's Motion for Partial Summary Judgment as to the second cause of action for breach of covenant of good faith and fair dealing is **GRANTED** because the Court finds Defendant's retention of outside counsel shows reasonableness in its investigation of Plaintiff's coverage claim.

### c. *Punitive Damages Award*

Plaintiff's Complaint requests punitive damages under the second cause of action in an amount "to deter Defendants from such future misconduct." *See* Complaint, 8:1–3. The second cause of action in this matter alleges Breach of Covenant of Good Faith and Fair Dealing. As discussed above, this Court **GRANTS** Defendant's Motion for Partial Summary Judgment as to the second cause of action; therefore, Defendant's request for summary judgment on the punitive damages issue is likewise **GRANTED.**

"Where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant." Cal. Civ.Code § 3294(a). However, "proof of a violation of the duty of good faith and fair dealing does not establish that the defendant acted with the requisite intent to injure the plaintiff." *Beck v. State Farm Mut. Auto. Ins. Co.*, 54 Cal.App.3d 347, 355, 126 Cal.Rptr. 602 (1976).

■■■ Therefore, evidence of bad faith is insufficient to give rise to punitive damages; instead, a plaintiff must show by "clear and convincing evidence" that defendant acted with malice. *See* Cal. Civ.Code § 3294(a). Here, Plaintiff fails to meet its burden to establish bad faith let alone malice giving rise to punitive damages.

The issue of punitive damages is necessarily tied to the second cause of action for bad faith, which is hereby adjudicated in Defendant's favor. Therefore, absent the second cause of action, the prayer for punitive damages cannot survive on its own. As such, the Court **GRANTS** Defendant's

Motion for Partial Summary Judgment as to the punitive damages relief sought.

**IT IS SO ORDERED.**