FILED

DEC 21 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TOM KELLEY STUDIOS, INC., | No. 10-55931 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-04018-RSWL-VBK |
| v. | |
| STATE FARM GENERAL INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, Senior District Judge, Presiding

Argued and Submitted December 8, 2011
Pasadena, California

Before: NOONAN, GOULD, and IKUTA, Circuit Judges.

Because the Nova complaint alleged that conduct constituting "advertising injury" was "committed in the course of advertising [Tom Kelley Studios's] goods,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36-3.

1

products or services," the complaint stated claims potentially covered by Tom Kelley Studios's (Kelley) policy. Consequently, State Farm had a duty to defend Kelley against Nova's suit. *See Montrose Chem. Corp. v. Superior Court*, 861 P.2d 1153, 1157 (Cal. 1993).

The Nova complaint alleged trademark and trade dress infringement, which under California law constitute the advertising injury of "misappropriation of advertising ideas or style of doing business" under Kelley's policy. *See Dogloo, Inc. v. N. Ins. Co. of N.Y.*, 907 F. Supp. 1383, 1390 (C.D. Cal. 1995); *Lebas Fashion Imps. of USA, Inc. v. ITT Hartford Ins. Grp.*, 59 Cal. Rptr. 2d 36, 46 (Cal. Ct. App. 1996). Further, the advertising injuries alleged in the Nova complaint were "committed in the course of advertising [Kelley's] goods, products or services." Adler Fels's (Adler) advertisements, such as its website featuring the allegedly infringing wine label, constituted a course of advertising for Kelley's goods, products or services because the advertisements highlighted the unique collectible value of Kelley's photos on Adler's wine bottles. Nothing in the relevant provision or Kelley's policy as a whole required that the allegedly injurious "course of advertising" be undertaken by Kelley itself. State Farm argues that this requirement is inherent in the policy because Kelley does not have an objectively reasonable expectation that the policy would cover a third party's

2

course of advertising Kelley's products. We reject this argument because State Farm has adduced no evidence to support it. At most, the policy language on this point is ambiguous because it is "susceptible to two or more reasonable constructions." *Palmer v. Truck Ins. Exch.*, 988 P.2d 568, 573 (Cal. 1999). While State Farm's argument that the provision covers only Kelley's "course of advertising" is a reasonable construction of the policy, courts must resolve this contractual "uncertaint[y] in favor of the insured." *Gray v. Zurich Ins. Co.*, 419 P.2d 168, 174–75 (Cal. 1966).

Finally, Kelley has shown the requisite causal connection between the "course of advertising" its products and the alleged advertising injury: Adler's wine advertisements highlighting Kelley's photos caused Nova's trademark and trade dress injuries. *See Hyundai Motor Am. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 600 F.3d 1092, 1103 (9th Cir. 2010).

We affirm the district court's ruling that State Farm did not breach its implied covenant of good faith and fair dealing. State Farm's interpretation of the policy was reasonable, *see Karen Kane Inc. v. Reliance Ins. Co.*, 202 F.3d 1180, 1190 (9th Cir. 2000), and the evidence shows it "relied on the advice of competent counsel" to arrive at its interpretation, *State Farm Mut. Auto. Ins. Co. v. Superior Court*, 279 Cal. Rptr. 116, 117 (Cal. Ct. App. 1991).

3

The parties shall bear their own costs on appeal.

**REVERSED in part and AFFIRMED in part.**